PHILADELPHIA YEARLY MEETING OF the RELIGIOUS SOCIETY OF FRIENDS et al., Appellants,

v.

James H. J. TATE, Mayor, City of Philadelphia, et al., Appellees.

No. 74–2222.

United States Court of Appeals, Third Circuit.

Argued June 2, 1975.

Decided July 18, 1975.

**1336**

David Rudovsky, Kairys & Rudovsky, Alan Reeve Hunt, Duane, Morris & Heckscher, Ralph S. Spritzer, Philadelphia, Pa., for appellants.

Louis F. Hinman, III, James M. Penny, Jr., Assts. City Sol., Raymond Kitty, Deputy City Sol., Sheldon L. Albert, City Sol., Philadelphia, Pa., for appellees.

Before SEITZ, Chief Judge, and ALDISERT and GIBBONS, Circuit Judges.

## OPINION OF THE COURT

SEITZ, Chief Judge.

Plaintiffs,[1] two organizations and six individuals, appeal an order of the district court dismissing their complaint for failure to state a claim. Defendants are the former Mayor of Philadelphia, the Managing Director and certain police officers of the City of Philadelphia. Because the district court granted defendants' motion to dismiss, we must view the allegations in the complaint generously, in plaintiffs' favor. We turn to a narration of the essential allegations with that approach in mind.

1. Plaintiffs allege that at many public assemblies or demonstrations attended by citizen groups whose general political or social views conflict with those of government officials and/or the Philadelphia Police Department, members of the Philadelphia Police Department, under the command of some of the defendants, are present, photograph many of those in attendance, and make a record of the event, regardless of whether or not such demonstrations are peaceful or lawful.

2. Plaintiffs further allege that the Philadelphia Police Department, through its Political Disobedience Unit, has compiled intelligence files on numerous individuals and groups. These files, about 18,000 in number, are separate from police interrogation and investigation records. They contain basic information plus information concerning the individual subject's political views, associations and personal life and habits. The files

---

1. Plaintiffs allege that the action was brought as a class action under F.R.Civ.P. 23(b)(2). The district court denied plaintiffs' motion for designation of class "with leave to renew after discovery." The propriety of that ruling has not been attacked on this appeal and we assume the ruling will continue to be operative in view of our determination of this appeal.

are allegedly kept indefinitely and some-times without the knowledge of the subjects of the files.

3. Plaintiffs allege, on information and belief, that no safeguards exist as to the disposition of or access to the political and personal information contained in the files; that such information is available to other law enforcement agencies and, on information and belief, to private employers, to governmental agencies for purposes of considering employment, promotion, granting of licenses, passports, etc., to private political organizations which seek to suppress "subversive" or dissident political activity or views, and to the press.

4. It is also charged that Philadelphia Police Department has improperly and unlawfully publicized its political intelligence gathering system by the unauthorized public disclosure of information concerning certain named individuals and groups who are the subject of police intelligence files. On June 2, 1970, in a network television broadcast the above named defendants and their agents publicly discussed their system and disclosed the names of certain groups and individuals on whom such files were kept, without the approval of such groups and individuals, including plaintiff organizations and four individual plaintiffs.

After the foregoing factual allegations the plaintiffs allege that such facts resulted in violations of their rights under the First and Fourteenth Amendments because:

(a) the police practices described above are not relevant to any legitimate police purpose and deprive plaintiffs of their right to anonymity in the conduct of their political activity and in their associations;

(b) the police practices chill and deter plaintiffs in the free exercise of their rights of speech and assembly;

(c) the police practices unconstitutionally interfere with the ability of plaintiffs to join with others in lawful political association in support of unpopular views.

Plaintiffs sought declaratory, injunctive and other relief under 42 U.S.C. §§ 1983 and 1985 and 28 U.S.C. § 2201. This appeal followed the dismissal of the complaint for failure to state a claim upon which relief could be granted.

When the complaint was filed on April 8, 1971, *Laird v. Tatum*, 408 U.S. 1, 92 S.Ct. 2318, 33 L.Ed.2d 154 (1972), had not been decided. However, the district court dismissed the complaint on the basis of *Tatum*. In *Tatum*, the Supreme Court was confronted by the claims of a plaintiff who alleged "that the exercise of his First Amendment rights is being chilled by the mere existence, without more, of a governmental investigative and data-gathering activity that is alleged to be broader in scope than is reasonably necessary for the accomplishment of a valid government purpose." *Id.* at 10, 92 S.Ct. at 2324. The Court held that the jurisdiction of a federal court could not be invoked in such circumstances, where there was no immediate threat to the individual's constitutional rights and any chilling effect was subjective.

I. *Photographing and Data Gathering at Public Meetings; Disposition of Information to Law Enforcement Agencies.*

We think it is clear that *Tatum* supports the action of the district court here to the extent the complaint alleges a constitutional violation on the basis of mere police photographing and data gathering[2] at public meetings. We say this because such activity by law enforcement authorities, without more, is legally unobjectionable and creates at

---

**2.** The individual plaintiffs allege that the dossiers kept on them contain information concerning their personal lives and habits. From this allegation they argue in their brief that such information is obtained by unlawful means. We are unwilling to draw this inference in the absence of such an allegation. Since this case is being sent back to the district court the plaintiffs will be able to seek to amend their complaint if they desire to present this issue directly.

best a so-called subjective chill which the Supreme Court has said is not a substitute for a claim of specific present harm or a threat of specific future harm.

Nor does the sharing of this information with other agencies of government having a legitimate law enforcement function give rise to a constitutional violation. We cannot see where the traditional exchange of information with other law enforcement agencies results in any more objective harm than the original collation of such information. Although plaintiffs would distinguish their case from *Tatum* on the ground that they are direct targets of the intelligence system and their dossiers contain information about their individual political views, etc., we think that this is not sufficient to distinguish *Tatum* insofar as plaintiffs rely on the mere existence of police intelligence gathering and the sharing of information with other enforcement agencies.

We therefore conclude with the district court that the allegations of paragraph herein numbered 1, 2 and so much of 3 as relates to sharing the information with other law enforcement agencies fail to state a claim upon which relief can be granted.[3] In so concluding we, of course, are not called upon to express an opinion as to compatibility of such practice with desirable standards under our political form of government. We turn our attention, then, to the remaining allegations to see whether they claim specific present harm or a threat of future harm sufficient to state a claim.

II. *Dispersal of Information for Use Other Than in Law Enforcement.*

■ We first consider plaintiffs' allegation that no safeguards exist on the disposition of or access to the political and personal information and conclusions contained in the dossiers and lists which defendants maintain and that such information is actually or potentially available, *inter alia,* to a wide spectrum of individuals, governmental agencies, private political organizations and the press.

It is not apparent how making information concerning the lawful activities of plaintiffs available to non-police groups or individuals could be considered within the proper ambit of law enforcement activity, particularly since it is alleged that plaintiffs are subject to surveillance *only* because their political views deviate from those of the "establishment." We think these allegations, at a minimum, show immediately threatened injury to plaintiffs by way of a chilling of their rights of freedom of speech and associational privacy. Some examples of immediately threatened harm come readily to mind. The general availability of such materials and lists could interfere with the job opportunities, careers or travel rights of the individual plaintiffs and such practical consequences may ensue without any specific awareness on plaintiffs' part. The mere anticipation of the practical consequences of joining or remaining with plaintiff organizations may well dissuade some individuals from becoming members, or may persuade others to resign their membership. We therefore conclude that, except for the allegation concerning the availability of the material to other law enforcement agencies, the allegations of paragraph 3 above state a claim sufficient to withstand a motion to dismiss.

III. *Disclosure of Information Gathering Activities on Nationwide Television.*

■ In paragraph 4 above, it is alleged that the Philadelphia Police Department described their political intelligence gathering system in a nationwide television show and specifically identified the plaintiff organizations and four of the individual plaintiffs as being the subjects of police dossiers.

---

**3.** We need not consider whether the activities described in these allegations could be so conducted as to give rise to a claim for relief by a plaintiff with requisite standing.

The district court held that the allegations summarized in paragraph 4 amounted to no more than a subjective complaint of a chilling effect based on the "mere existence" of governmental information gathering activities. The court indicated that in order to create a justiciable controversy, plaintiffs were required to allege tangible consequences, such as a contempt citation, a criminal prosecution, exclusion from a profession, a threat of conscription and the like. However, we cannot believe that the *Tatum* opinion was meant to find non-justiciable a case such as the one before us where the alleged threatened injury, although not concrete, is nonetheless strikingly apparent. It cannot be doubted that disclosure on nationwide television that certain named persons or organizations are subjects of police intelligence files has a potential for a substantial adverse impact on such persons and organizations even though tangible evidence of the impact may be difficult, if not impossible, to obtain.

We think plaintiffs' allegations of specific identification of most of the plaintiffs in the television broadcast, when joined with the absence of a lawful purpose, make an adequate showing, for pleading purposes, of an invasion of plaintiffs' rights to associational privacy and freedom of speech and a resultant danger of sustaining a direct injury of the types identified under the prior discussion of the allegations concerning the dispersal of information (II).

We are unwilling to say that the Supreme Court in *Tatum* intended to leave our citizens judicially remediless against the types of police action discussed in Parts II and III hereof. If plaintiffs' allegations are true, this type of activity strikes at the heart of a free society. We therefore conclude that the allegations of paragraph 4 as well as the improper dispersal claims of paragraph 3 set forth justiciable claims.

The order of dismissal of the district court will be reversed in part and affirmed in part in accordance with this opinion.