**Arnold ABRAMS, Plaintiff,**

v.

**CITY OF CHICAGO, Walter Duffy, John Doe, Richard Roe, also known as Agent 1S603, De Paul University, Martin Lowery, John Bucher, Defendants.**

No. 83 C 8725.

United States District Court,
N.D. Illinois, E.D.

April 30, 1986.

Stephen G. Seliger, Chicago, Ill., for plaintiff.

Raymond J. Kelly, R. Theodore Clar, Jr., Fay Hartog-Rapp, Seyfarth, Shaw, Fair-

weather, Geraldson, Joan McAvvin-Gale, Chicago, Ill., for DePaul University.

James D. Montgomery, Daniel G. Welter, City of Chicago, Chicago, Ill., for City of Chicago, and Wm. Duffy.

## ORDER

NORGLE, District Judge.

A Rule 56(c) motion for summary judgment requires a two-part analysis. First, the movant for summary judgment must show the "pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show there is no genuine issue as to any material fact." Fed.R.Civ.P. 56(c). The movant's demonstration of the absence of a genuine issue of material fact must withstand the non-movant's obligation to "set forth specific facts showing that there is a genuine issue for trial." *See* Fed.R.Civ.P. 56(e). The second burden placed on a movant by Rule 56 is the requirement that the movant show he is "entitled to judgment as a matter of law." Fed.R.Civ.P. 56(c). When a movant meets the two burdens placed on him by Rule 56, then trial is unnecessary.

■ In addition to the burdens of Rule 56, the parties to a motion for summary judgment must also wrestle with the requirements of Local General Rule 12 ("General Rule 12"). Under General Rule 12(e) it is the obligation of a movant for summary judgment to

> serve and file, in addition to the affidavits (if any) and other materials referred to in Rule 56(e) and a supporting memorandum of law, a statement of the material facts as to which the moving party contends there is no genuine issue and that entitle the moving party to judgment as a matter of law, including with that statement references to the affidavits, parts of the record and other supporting materials relied upon to support such statement. Failure to submit such a statement constitutes grounds for denial of the motion.

Prior to this Order, the Court has not required movants for summary judgment to produce a separate document which satisfies General Rule 12(e). That position, however, had led to abuse. Parties have filed memoranda in support of summary judgment with only a brief statement of the facts relied upon or they have filed no statement of facts at all—instead, facts are interspersed with legal argument or an appendix of exhibits is indiscriminately filed. Such performance is no longer acceptable. Accordingly, any motions for summary judgment filed with this Court must contain a separate statement which meets the requirements of General Rule 12(e). And that statement must contain somewhere in its heading the representation that it is presented in satisfaction of the requirements of General Rule 12(e).

■ General Rule 12 also places explicit obligations upon the opponent of a motion for summary judgment. General Rule 12(f) requires an opponent of a motion for summary judgment to

> serve and file, together with opposing affidavits (if any) and other materials referred to in Rule 56(e) and a supporting memorandum of law, a concise "statement of genuine issues" setting forth all material facts as to which it is contended there exists a genuine issue necessary to be litigated, including with that statement references to the affidavits, parts of the record and other supporting materials relied upon to support such statement. All material facts set forth in the statement required to be served by the moving party will be deemed to be admitted unless controverted by the statement required to be served by the opposing party.

It is the Court's view that opponents of motions for summary judgment ignore the requirements of General Rule 12 more often than do movants for summary judgment. Opponents of summary judgment generally provide the Court with a long rendition of facts (often without citation to a source in the record) containing interpretation and inference. Such a presentation

does not satisfy the requirements of General Rule 12(f). Accordingly, an opponent of summary judgment must also submit a separate statement to the Court which meets the requirements of General Rule 12. That statement must contain somewhere in its heading the representation that it is presented in satisfaction of the requirements of General Rule 12(f).

This motion for summary judgment by the City of Chicago is typical of all too many motions received by this Court. The City of Chicago (CITY) filed its motion for summary judgment on August 6, 1985. City's motion did not contain a statement of uncontested facts in compliance with General Rule 12(e). On September 3, 1985 Plaintiff requested (and was granted) an extension of time in which to respond to City's motion for summary judgment. And on September 29, 1985, Plaintiff filed his memorandum in opposition to City's motion. Although Plaintiff's (PLAINTIFF or ABRAMS) filing did not contain a General Rule 12(f) statement, he submitted exhibits in support of his memorandum on September 20, 1985. Plaintiff's noncompliance with General Rule 12 is somewhat inexplicable because in his memorandum he notes City's noncompliance with the Rule. *See* Plaintiff's Response at 2.[1] City attempted to rectify that omission on October 28, 1985 when it requested (and was granted) permission to file a Statement of Uncontested Facts in Support of its Motion for Summary Judgment and its Reply Memorandum.

Thus, at this point in the history of this motion for summary judgment, City has complied with General Rule 12 and Abrams has not. In fact, Abrams' Response suggests that he does not intend to comply with General Rule 12. *See* Pltf's Response at 2. Accordingly, the Court takes City's Statement of Uncontested Facts as admitted by Abrams. *See* General Rule 12(f).

City identifies the following eleven facts as establishing its entitlement to judgment as a matter of law:

1) Martin Lowery, Dean of Liberal Arts at DePaul University, contacted the Chicago Police Department on November 21, 1967 and identified a speech or paper delivered by the Plaintiff, Arnold Abrams.

2) Defendant, William Duffy, as a Director of the Chicago Police Department, instructed an officer (# 500) to obtain a copy of Abrams' paper from "Confidential Information Source 603" or Dean Lowery.

3) Dean Lowery stated (on November 22, 1967) that he had no copy of Abrams' paper, but that he would attempt to obtain a copy and forward it to the Police Department.

4) Dean Lowery stated that Abrams' paper contained documentary information concerning police recruits from interviews conducted while Abrams was employed as a Police Department psychiatrist.

---

**1.** Plaintiff's invocation of General Rule 12 is "odd" because 1) Plaintiff himself did not and has not complied with the Rule and 2) even if Plaintiff intended his statement of facts to meet Rule 12(f)'s requirements (without specifically titling it as such) Plaintiff's statement of facts is inadequate. The whole point of Rule 12(f) is to force opponents of summary judgment to tell the Court what they believe are the genuine issues of material fact in a lawsuit which require a trial. General Rule 12(f) does no more than require the opponent of a motion for summary judgment to do what should logically be done in any case: tell the Court why the movant for summary judgment has failed to meet the first requirement of Rule 56(c) by showing the absence of a genuine issue of material fact. Abrams' timid and conclusory statement that the "record demonstrates substantial factual

questions concerning the Plaintiff's allegations which require the Court to deny Defendant's motion" (Pltf's Response at 2) is plainly inadequate. In fact, quite contrary to Plaintiff's conclusion, a comparison of the facts as relayed by Abrams and City suggests no genuine issue of material fact in this lawsuit. *Compare* Deft's Memo in Support of Motion for Summary Judgment at 1–3 *with* Pltf's Response at 2–4. What Abrams really appears to contest, without saying as much, are the inferences following from a set of uncontested facts. That argument addresses the second burden established by Rule 56(c) (the movant's entitlement to judgment as a matter of law), not the initial burden established by the Rule (the Movants' burden to establish the absence of a genuine issue of material fact).

5) On November 22, 1967, Dean Lowery informed the Police Department of the date and place of presentation of Abrams' paper.

6) On November 24, 1967, Dean Lowery revised his earlier statement regarding the time and place of presentation by Abrams of the paper.

7) On November 28, 1967, Dean Lowery again revised his statement of the time and place of the presentation of Abrams' paper.

8) Deft's Ex A, B, C and D represent the complete reported contact between Dean Lowery and employees of City concerning Arnold Abrams.

9) The Police Department never sent Dean Lowery a copy of the Abrams paper.

10) DePaul University's employment decision regarding Plaintiff concerned renewal of Plaintiff's faculty contract and did not concern tenure.

11) Neither City nor any of its employees participated in the decision of DePaul University concerning the continued employment of Arnold Abrams.

City contends that, on the basis of its eleven factual statements, it is entitled to judgment as a matter of law. City is wrong. Because City has failed to introduce sufficient facts to demonstrate it is entitled to judgment as a matter of law, its motion for summary judgment must be denied.

The Complaint in this case is rather straightforward. Count I alleges the Police Department conducted an investigation of Plaintiff which violated the first amendment. That Count also alleges the Department disseminated certain information regarding Plaintiff which the Department obtained through an unlawful investigation. Count II alleges the joint participation by all Defendants in the investigation and dissemination of information regarding Abrams amounted to a conspiracy to injure him in his profession and to deny him tenure at DePaul University. *Cf. Hobson v. Wilson*, 737 F.2d 1, 53–54 (CA DC 1984).

 The rights to associational privacy and freedom of speech guaranteed by the first amendment are violated where a plaintiff pleads and proves he was 1) the subject of an agency investigation 2) which had no lawful purpose and 3) his identification as a subject of the investigation resulted in a substantial adverse impact. *See Piladelphia Yearly Meeting of the Religious Society of Friends v. Tate*, 519 F.2d 1335, 1338–39 (CA3 1975); *Berlin Democratic Club v. Rumsfeld*, 410 F.Supp. 144, 151 (D.D.C. 1976). *See also Clark v. Library of Congress*, 750 F.2d 89, 94–95 (CA DC 1984).

 City could succeed on its motion for summary judgment if it showed 1) no investigation of Abrams took place (City apparently concedes an "investigation" of Abrams took place, *see* Deft's Motion for Summary Judgment at 6); 2) an investigation took place, but it had a lawful purpose (*see Kennedy v. Hughes*, 596 F.Supp. 1487, 1492 (D.Del.1984) (finding lawful purpose); *Jabara v. Kelley*, 476 F.Supp. 561, 570 (E.D.Mich.1979 (same)); 3) that material gathered through the investigation was not disseminated to a non-law enforcement audience (*see, e.g., Piladelphia*, 519 F.2d at 1337–38) or, if disseminated, the dissemination of information did not cause any harm (*cf. Laird v. Tatum*, 408 U.S. 1, 92 S.Ct. 2318, 2324, 33 L.Ed.2d 154 (1972)). But the uncontested statements of fact presented by City, standing alone or taken as a whole, establish none of these things. For example, throughout its brief City states that its investigation of Abrams was initiated for the purpose of determining if Abrams had breached an agreement of confidentiality with City. *See, e.g.,* Deft's Motion for Summary Judgment at 7. Yet that statement is only suggested by City's Statement of Uncontested Facts and remains unsupported by any of the materials submitted by City; no admission, contract or stipulation to that effect is contained in the record on *this* motion. Thus, giving Abrams the benefit of all favorable inferences, a jury could conclude an investigation was conducted without a proper purpose and disseminated information caused Abrams to lose his job. Nor does City's presentation of facts show the likelihood of

conspiracy in this case is remote. After having participated in a conspiracy to provide Lowery with reason to deny Abrams renewal of his contract, City employees need not have also participated in the final formality of Lowery's or DePaul's decision not to renew Plaintiff's contract. Thus, City's motion for summary judgment must be denied; not because City may not be entitled to judgment as a matter of law, but because City has failed to demonstrate facts which entitle it to judgment as a matter of law. City's motion for summary judgment is denied.

IT IS SO ORDERED.