**Dennis L. MULEE and Albert De Carolis, Plaintiffs and Counterclaim Defendant,**

v.

**UNITED STATES of America, Defendant and Counterclaim Plaintiff,**

v.

**Robert SABEY and Robert De Muelmeister, Counterclaim Defendants.**

No. 85 C 7451.

United States District Court, N.D. Illinois, E.D.

Oct. 30, 1986.

Thomas C. Baratta, Jr., Elmwood Park, Ill., for Dennis E. Mulee, et al.

Jeff Kaplan, Dept. of Justice, c/o U.S. Atty., William F. Marutzky, Ronald S. Adelman, Marutzky & Adelman, Chicago, Ill., for U.S.

## MEMORANDUM OPINION AND ORDER

ASPEN, District Judge:

In this civil tax case plaintiff Dennis Mulee ("Mulee") seeks a refund of $4,731.89 he paid against an assessment of $94,639.96 by the Internal Revenue Service ("IRS") pursuant to section 6672 of the Internal Revenue Code ("IRC") of 1954, 26 U.S.C. § 6672 (1982), as a responsible person of the Denalco Corporation ("Denalco") for the entire third quarter of 1981 and part of the fourth quarter of 1981.

On October 29, 1984, a delegate of the Secretary of the Treasury made an assessment against Mulee for a 100% penalty of $94,639.96 under the provisions of section 6672 of the Internal Revenue Code of 1984 contending that Mulee had willfully failed to collect, truthfully account for and pay over to the government withholding and Federal Insurance Contribution Act ("FICA") taxes due and owing from Denalco for the third and fourth quarters of 1981. On that date a delegate of the Secretary of the Treasury issued a notice of the assessment and demand for payment upon Mulee, and the United States credited Mulee's tax refunds and accrued interest of $4,731.89 against the assessed penalty. Subsequently, Mulee filed a claim for refund for the amounts credited contending that he was not a responsible person of Denalco for the third and fourth quarters of 1981. The IRS denied that claim on February 4, 1984, and Mulee filed this suit on August 23, 1985. The United States filed a counterclaim for the unpaid balance of the penalty.

The United States seeks dismissal of plaintiff Mulee's complaint with prejudice and a judgment on its counterclaim for the balance due on its assessment of $89,908.07 plus interest in accordance with law from October 29, 1984. Currently before this Court are the parties' cross-motions for summary judgment under Fed.R.Civ.P. 56(c). For the reasons below, we deny Mulee's motions for summary judgment as to his complaint and the government's counterclaim and grant the United States's motion for summary judgment as to its counterclaim against Mulee for $94,639.96, plus interest provided by law, and on its motion for summary judgment as to Mulee's claim for a refund.[1]

## UNCONTESTED FACTS

Mulee formed Denalco in 1969, and he was the president and chief executive officer from that date until November 17,

---

1. Although the government has styled its motion as to Mulee's complaint as one for dismissal, it is more properly a cross-motion for summary judgment in its favor and denial of Mulee's motion for summary judgment.

1981. During this period Mulee had check signing authority as to which creditors of the corporation were to be paid and as to the disbursal of all corporation funds.

From July 1, 1981 through September 30, 1981, the third quarter of 1981, Denalco failed to collect, account for and pay over to the United States $75,378.72 in federal income taxes and FICA taxes withheld from its employee wages. Of this amount, trust fund taxes of $57,744.00 are still due and owing to the government. From October 1, 1981 through December 31, 1981, the fourth quarter of 1981, Denalco failed to collect, account for and pay over to the government $55,116.65 in federal income taxes and FICA taxes also withheld from its employee wages. Of this amount, trust fund taxes of $55,116.65 are still due and owing. The IRS assessed a penalty against Mulee of $36,895.96 representing the trust fund taxes accruing from October 1, 1981 through the date of Mulee's resignation November 17, 1981.

From July 1, 1981 through November 17, 1981, Denalco deposited into its bank account over one million dollars and disbursed such amount to creditors other than the United States. Mulee had knowledge of the unpaid tax liability weekly and preferred other creditors over the United States by authorizing the disbursements from the company checking account instead of paying over the trust fund taxes to the United States.

On November 17, 1981, Mulee contracted with Robert Sabey and Robert DeMuelmeister to sell 100% of his stock in Denalco. The contract provided for payment of $1,150,000 to be paid to Mulee in installment payments with 10% of the stock to be delivered for each payment of 10% of the purchase price. After November 17, 1981, Mulee did not have check writing authority and did not have authority to direct payments to creditors. From this date, through and including January 31, 1983, the corporation deposited into its bank account over two million dollars and disbursed that amount to creditors other than the United States.

On July 14, 1982, the United States filed a notice of tax liens with the recorder of deeds for Kane County, Illinois, with respect to the unpaid employment tax liability of the corporation for the third and fourth quarters of 1981. Subsequently, the IRS levied one of the corporation's bank accounts. The levy was immediately released as a result of negotiations between the government and the corporation officers to pay off the unpaid tax liability. On January 28, 1983, the United States entered into an installment agreement with the corporation to pay off the past due taxes in $5,000 installments per month. Denalco subsequently defaulted under the agreement. On April 23, 1983, Denalco filed a petition in bankruptcy court for protection under Chapter 11 of the Bankruptcy Code, which was subsequently converted to a Chapter 7 liquidation. The IRS was listed as a creditor on the debtor's schedule of assets and liabilities. The IRS also filed a proof of claim, but to this date has not recovered any monies out of the Bankruptcy Estate. Both parties agree that there are no questions of material fact at issue in this case, therefore, we may decide this case as a matter of law. Fed.R. Civ.P. 56(c).

## CROSS MOTIONS FOR SUMMARY JUDGMENT

■ The Internal Revenue Code requires an employer to deduct and withhold income and social security (FICA) taxes from its employees' wages. 26 U.S.C. § 7501 of the Code provides that the withheld taxes "shall be held to be a special fund in trust for the United States." There is no general requirement that the withheld sums be segregated from the employer's general funds or that the funds be deposited in a separate bank account until required to be paid over to the government. *Slodov v. United States*, 436 U.S. 238, 98 S.Ct. 1778, 56 L.Ed.2d 251 (1978). Once the taxes are withheld from the employees' wages, the United States is required to credit the amount withheld against the employees' individual income tax liabilities whether or

not the employer turns the taxes over to the government. 26 U.S.C. § 31(a) (1982). Because of this the government loses revenue when the trust fund taxes are not paid over by the employer. Additionally, because the IRC requires the employer to collect taxes as wages are paid, 26 U.S.C. § 3102(a), while requiring payment of such taxes quarterly, the funds accumulated during the quarter can be a tempting source of ready cash to a failing corporation hounded by creditors. *Slodov v. United States*, 436 U.S. 238, 243, 98 S.Ct. 1778, 1783, 56 L.Ed.2d 251 (1978). In order to recover such lost revenues, the IRC provides for recovery in certain cases from the officers or employees of the employer responsible for the collection and payment of the trust fund taxes who willfully fail to pay over to the government the money collected. These officers or employees may be personally liable under 26 U.S.C. § 6672 to pay a penalty equal to the amount of the delinquent taxes. Section 6672 provides, *inter alia:*

> Any person required to collect, truthfully account for, and pay over any tax imposed by this title who willfully fails to collect such tax, or truthfully account for and pay over such tax, or willfully attempts in any manner to evade or defeat any such tax or the payment thereof, shall, in addition to other penalties provided by law, be liable to a penalty equal to the total amount of the tax evaded or not collected, or not accounted for and paid over....

26 U.S.C. § 6672(a) (1982).

■ In order for an officer or employer to be liable under section 6672, two elements must exist. First, the party must be one who is required to collect, account for and pay over the taxes. This is commonly referred to as the "responsible person"

test. Next, the person must have "willfully" failed to have performed his duty to collect, account for or pay over the taxes. *Kizzier v. United States*, 598 F.2d 1128, 1132 (8th Cir.1979); *Howard v. United States*, 80–2 U.S.T.C. ¶ 9471 (D.Kan.1980).

Mulee does not contest the fact that he was a "responsible" person for the time period at issue in this case, July 1, 1981 through November 17, 1981. Therefore, the only issue as to the applicability of section 6672 is whether Mulee willfully failed to perform his duty to collect, account for or pay over the taxes.

## WILLFUL FAILURE TO PAY OVER TRUST FUND TAXES

■ In deciding this issue it is helpful to consider each quarter separately. By the time Mulee resigned on November 17, 1981, the due date for the 1981 third quarter return had already come and gone.[2] On the other hand, the due date for the fourth quarter return was January 31, 1982. Mulee's argument against imposition of this penalty is primarily directed toward the fourth quarter taxes. His argument as to the third quarter taxes is that between the date he resigned and January 31, 1983, Denalco had deposited over two million dollars in its bank account and never paid the tax liability for the third and fourth quarters of 1981. Essentially, he contends that the failure of the new owners to pay the then due and owing taxes should relieve him of liability for the failure to pay. Yet, Mulee has stipulated to the fact that while he had check writing and disbursement authority over Denalco, Denalco payed and preferred creditors other than the United States while he knew the third quarter taxes were due and owing. Mulee stubbornly refuses to accept what is very clear under section 6672 case law, the fact that

---

**2.** The third quarter ended on September 20, 1981, and according to Treas.Reg. § 31.607(a)–1(a), the return was to be filed "on or before the last day of the first calendar month following the period for which it is made." Therefore, the return for the third quarter was to be filed on or before October 31, 1981. The government contends that Denalco was obligated to pay the withheld taxes within three days after the taxes aggregate $3,000 under Treas.Reg. § 31.-6302(c)((1)(a)(i)(b). Because we conclude that the duty to file a return is not the appropriate test to determine if Mulee willfully failed to pay over the funds, we make no comment as to the correctness of this position.

Denalco preferred other creditors to the United States while Mulee knew that the funds were due and owing constitutes willfulness as a matter of law. *See, e.g., Howard v. United States,* 711 F.2d 729 (5th Cir.1983); *Barnett v. United States,* 594 F.2d 219 (9th Cir.1979); *Newsome v. United States,* 431 F.2d 742 (5th Cir.1970); *Kappas v. United States,* 578 F.Supp. 1435 (C.D.Cal.1983); *Hutchinson v. United States,* 559 F.Supp. 890 (N.D.Ohio 1982). Therefore, with respect to the penalty assessed for the third quarter of 1981, the Court finds that Mulee as a matter of law willfully failed to pay over to the government trust fund taxes.

▪ Resolution of Mulee's liability for the penalty assessed for the failure of Denalco to pay over to the government the trust fund taxes for the fourth quarter depends on whether Mulee's resignation before the end of the quarter relieves him from liability. The only factual difference between the third and fourth quarter taxes is that Mulee left before the fourth quarter return was to be filed. Mulee contends that because he sold his interest in the business over two months before the tax return was due to be filed, that he did not willfully fail to pay the trust fund taxes for the fourth quarter. Initially, it is important to note that the government is not contending that Mulee is liable for any of the taxes collected and withheld after he resigned on November 17, 1981, thus, the only trust funds at issue here are those collected and withheld *before* Mulee resigned. Mulee cites *Feist v. United States,* 607 F.2d 954 (Ct.Cl.1979), for the proposition that because the tax return was not due when he resigned on November 17, 1981, and he expected the new owners to pay the taxes, that he could not have willfully failed to pay over the trust fund taxes. In *Feist* the IRS assessed a 100% penalty against a taxpayer who learned of his company's delinquency in some of its deposits of trust fund taxes on or about the day he was to sell his company and resign. All other quarters had been paid in a timely manner, Feist, upon learning of the delinquencies, notified the purchasers and received an oral assurance by the purchasers that the taxes would be paid immediately. On the day of the sale, the company had sufficient resources with which to pay the trust fund taxes. Additionally, as of the day of the sale, the company had paid approximately 70 percent of its total liability for the full quarter which was to end eighteen days later. Despite the assurances from the purchasers, the trust fund taxes were not paid and the IRS subsequently assessed a 100% penalty against Feist. The Court of Claims held that under these "special circumstances" Feist did not willfully fail to pay over the trust fund taxes. *Feist,* however, does not further Mulee's position at all. First, as the *Feist* court noted, because Feist discovered the delinquency on or about the day he sold, he never knowingly preferred other creditors over the United States. In this case, Mulee has stipulated to the fact that he knew of the delinquencies weekly and preferred other creditors over the United States. Mulee contends that just because the tax return was to be filed in January, approximately two and one-half months after he resigned, that he could not have willfully failed to pay the trust fund taxes. Yet, liability for the taxes attaches upon their collection, not upon the date set for filing the return. *See, e.g., Kadah v. United States,* 600 F.Supp. 1302 (N.D.N.Y.1985); *Gray v. United States,* 586 F.Supp. 1127 (D.Kan. 1984); *Howard v. United States,* 80–2 U.S. T.C. ¶ 9471 (D.Kan.1980); *Long v. Bacon,* 239 F.Supp. 911 (S.D.Iowa 1965). When Mulee used trust funds in the operation of the business, he assumed the risk that there would be insufficient funds to pay the taxes on the due date. *Howard* at 84527. And when Mulee sold the business and turned over control to other parties while the trust fund taxes were not paid, he assumed the risk that the new owners would not make the payments to the United States. As the court stated in *Bernardi v. United States,* 74–1 U.S.C.T. ¶ 9170 (N.D.Ill.1973), *aff'd,* 507 F.2d 682 (7th Cir. 1974), *cert. denied,* 422 U.S. 1042 (1975);

These amounts, having been withheld, are thenceforth held in trust for the United States. Responsible persons, having withheld taxes due from wages and salaries, can, but are not required to, put the withheld funds in a segregated account. If they fail to do so they assume the risk the funds will be misapplied and are not excused from their duty or their liability under Section 6672 by reason of subsequent financial misfortunes of the corporation. Any other result would be inconsistent with the purposes of Congress to protect the sources of revenue by permitting recovery of taxes, which are held in trust, from responsible persons. The duty to keep withheld taxes as a trust arises as the taxes are withheld from wages regardless of the prescribed date for payment to the Government and does not terminate until the taxes are paid over.

*Bernardi* at 83216 (citations omitted). In *Bernardi*, two assessed officers had left the company on May 7, 1966, and the issue was whether they were liable for any of the second quarter 1966 tax liability which period ended on June 30. The court concluded that the officers' resignations prior to the due date of the tax return did not relieve them of liability for the taxes withheld during their tenure in office. *Id.*

■ In the present case, Mulee had a duty to keep the withheld taxes as trust from the day the taxes were withheld, regardless of the due date of the tax return. By failing to place the trust fund taxes in a segregated account and by preferring creditors other than the United States, Mulee assumed the risk that the funds would be misapplied after he resigned. Therefore, the only conclusion is that Mulee willfully failed to pay over the trust fund taxes for the first part of the fourth quarter up until his resignation.

## ESTOPPEL

Finally, Mulee argues that the government is estopped from assessing the 100% penalty because of its failure to collect the trust fund taxes from the corporation after November 17, 1981. Recapping the stipulated facts, on July 14, 1982, the government filed tax liens with the Recorder of Deeds for Kane County, Illinois, with respect to the unpaid tax liability of Denalco for the third and fourth quarters of 1981. Then on July 27, 1982, the IRS levied one of Denalco's bank accounts. The levy was immediately released as a result of negotiations between the government and the purchasers of Denalco to pay off the unpaid tax liability. On January 28, 1983, the government entered into an installment agreement with Denalco to pay off the past due taxes. Denalco subsequently defaulted under this agreement.

■ Regardless of whether or not the estoppel defense is still valid as to section 6672 penalty cases, Mulee is clearly not entitled to the defense of estoppel in this case. A basic requirement of any estoppel defense is reliance. Mulee had no control over Denalco after November 1981. Each action that the government took with respect to the collection of the third and fourth quarter taxes for 1981 occurred after Mulee resigned. Mulee does not state, and the Court fails to see, how he relied upon the government's actions to his detriment. Whether or not the government took action later could not change the fact that the taxes were not paid when Mulee resigned. In each of the cases Mulee cites to support his defense of estoppel, the government took some action upon which the responsible officer relied to his detriment.

In *Tozier v. United States*, 65–2 U.S.T.C. ¶ 9621 (W.D.Wash.1965), the two officers, who had been assessed the 100% penalty, when informed of the company's tax liability told the IRS agent that they personally favored and would cooperate in the immediate liquidation of the company to pay the taxes, and at that time there were sufficient assets with which to pay off the liability. However, because the company's closing would have increased the unemployment in the area, an area already economically depressed, the government agreed to keep the company going. The parties

agreed that the company would continue to operate as long as possible; that the government would protect itself by filing tax liens against all the company assets; that when and if the situation became hopeless, the officers would notify the government in sufficient time so that the government could levy on all the assets and seize the assets. Subsequently, when it appeared that the company's situation was hopeless, the officers informed the government of the location, nature and extent of all the company's assets so that the government could levy and collect sufficient funds to pay the trust fund liability. The court found that although there were sufficient assets, the government agreed to subordinate its claims to other creditors. The court found this agreement by the government to subordinate its claims unforseeable to the officers when they agreed not to liquidate the company to pay the taxes. The court then concluded that the government's failure to secure sufficient funds was due to its own acts and conduct and therefore under the circumstances of that case, the officers did not willfully fail to pay over the trust fund taxes. Thus, the fact that the officers relied on the government's actions precluded a finding of willfullness.

In the second case Mulee cites, *Anderson v. United States,* 77–2 U.S.T.C. ¶ 9701 (W.D.La.1977), the officer notified the government that it had not asserted a claim in bankruptcy for the unpaid taxes. The government, however, failed to make the claim until after the time for filing claims had expired and its claim was barred as untimely. The court found that the officer had justifiably relied upon the government to take a simple step to secure its claim, and therefore the court found the taxpayer did not willfully fail to pay over the trust fund taxes.

██ Although Mulee may contend that he too assumed the government would proceed against the company and secure the funds, he cannot show how he relied on the government's action. The government was not even on the scene when Mulee re-

signed, the company was to continue operating, and as far as Mulee knew, there were no plans to dissolve the company. "There was penalty [sic] of money in the bank. Taxes were not owed for previous quarters. The new owner were [sic] containing [sic] the business as before with the same management. (Plaintiff's Motion for Summary Judgment at p. 7)." Thus, Mulee's estoppel argument suffers a fatal flaw, the failure to show reliance.

> To rise to the level of an estoppel or abuse of discretion, the government must mislead the corporate officer, or otherwise take action which justified the corporate officer in not remitting the taxes.

*Abramson v. United States,* 48 B.R. 809, 85–1 U.S.T.C. ¶9380 (E.D.N.Y.1985). Absent misrepresentation and reliance, the government is not under an affirmative duty to use due diligence to collect the trust funds from the company before looking to the responsible officers. *Monday v. United States,* 421 F.2d 1210, 1216 (7th Cir.), *cert. denied,* 400 U.S. 821, 91 S.Ct. 38, 27 L.Ed.2d 48 (1970). It is unnecessary for the Internal Revenue Service even to attempt collection from the corporate employer before asserting the personal liability of the responsible persons. *Bernardi v. United States,* 74–1 U.S.T.C. ¶ 9170 (N.D. Ill.), *aff'd,* 507 F.2d 682 (7th Cir.), *cert. denied,* 422 U.S. 1042 (1974). Therefore, Mulee has failed to prove that the government is estopped from assessing the 100% penalty against him.

---

Because we find that Mulee, as a responsible person, under section 6672 of the IRC willfully failed to pay over to the government trust fund taxes and that the government is not estopped to assess the 100% penalty, we deny plaintiff Mulee's motions for summary judgment and grant defendant United States' cross-motions for summary judgment on Mulee's refund claim and the government's counterclaim for $89,908.07. It is so ordered.