**Eliot A. LANDAU, Plaintiff,**

v.

**UNITED STATES of America, Defendant.**

**No. 87 C 4332.**

United States District Court, N.D. Illinois, E.D.

Dec. 9, 1988.

---

**6.** The "environment" is defined to include "all plants and man and other animals." 7 U.S.C. Sec. 136(j).

---

## MEMORANDUM OPINION AND ORDER

CONLON, District Judge.

Plaintiff Eliot A. Landau ("Landau") filed this action to obtain a refund of $100.00 plus interest that he paid to the Internal Revenue Service ("the IRS") as partial payment on a claim for unpaid taxes. Defendant United States of America ("the government") filed a counterclaim seeking judgment against Landau for the $56,774.70 balance in unpaid taxes plus statutory interest. Jurisdiction is based on 28 U.S.C. § 1346(a)(1) and (c) and 26 U.S.C. § 7402(a) and (f). Both parties move for summary judgment under Fed.R.Civ.P. 56.

### FACTS

Landau is an attorney licensed to practice law in Illinois. In 1983, Landau formed a law firm with Stephen Cleary ("Cleary"). Government Facts, 2. Cleary and Landau organized the firm first as a partnership and later as a corporation ("the Corporation"). *Id.* Landau initially capitalized the Corporation with $40,000. *Id.* Landau also named himself president; Cleary was named vice president and treasurer with responsibility for maintaining the Corporation's journals, and for paying salaries and taxes. *Id.* at 3; Cleary Affidavit, 3–7. Landau and Cleary each owned 50% of the Corporation's outstanding shares. Government Facts at 3. In addition, Landau and Cleary each had authority to sign checks to meet the Corporation's obligations. *Id.* However, only Landau had the authority to obtain loans on behalf of the Corporation. *Id.;* Landau Dep., 41.

In October 1984, the IRS informed Landau that the Corporation had not been paying withholding taxes on employees' sala-

ries. Government Facts at 3. Landau confronted Cleary and instructed him to pay the taxes. *Id.* at 4. On August 6, 1984, the Corporation and the IRS entered into an installment payment agreement. Smith Dep., Ex. 4. The agreement was signed by Cleary. *Id.* On February 8, 1985, the IRS informed Landau that the Corporation had breached the terms of the installment agreement. Smith Dep., Ex. F. Landau now admits that he failed to properly supervise Cleary. *Id.* In April 1985, Landau fired Cleary for allegedly embezzling funds from the Corporation. *Id.* At the time Landau fired Cleary, the Corporation had over $400,000 in outstanding accounts receivable. *Id.* at 5.

On May 31, 1985, the Corporation stopped doing business, and Landau attempted to collect the Corporation's receivables and pay its debts. *Id.* From 1985 through 1988, the Corporation collected $309,942.29 in accounts receivable. *Id.* Of this amount, $19,856.83 was paid to the IRS and $39,037.11 was paid to Landau and Associates, a corporation started by Landau in 1985. *Id.* In addition, the Corporation paid $22,752.26 to Landau and $68,573.64 to Steven Sommerfield, an attorney formerly associated with the Corporation. *Id.* at 5–6.

On October 21, 1985, the IRS assessed Landau $56,874.70 under Section 6672 of the Internal Revenue Code for failing to pay federal income and Federal Insurance Contribution Act ("FICA") taxes withheld from Corporation employees' wages from March 31, 1982 through March 31, 1984. *Id.* at 6. On December 5, 1985, Landau entered into a payment agreement with the IRS. Landau Motion, Ex. 1. The agreement provided that if Landau failed to abide by its terms, the IRS could levy upon Landau's assets. *Id.*, Smith Dep., Ex. F. The agreement stated that Cleary was the responsible officer of the Corporation and that Landau was not in that category. Landau Motion, Ex. 1.

On April 2, 1987, Landau requested the IRS to abate the assessment and to hold all collection proceedings in abeyance until the abatement issue was resolved. Complaint, Ex. E. After Landau's request for an abatement was denied, he commenced this action. Landau moves for summary judgment on the ground that, as a matter of law, he was not a "responsible person" under Section 6672 from March 31, 1982 through March 31, 1984, or after he fired Cleary in April 1985. In the alternative, Landau argues that the government is estopped from making a Section 6672 penalty assessment against him because the agreement recites that Cleary, and not Landau, was the responsible officer of the Corporation.

## DISCUSSION

Under Rule 56, a motion for summary judgment will be granted only if there are no material facts in dispute and the movant is entitled to judgment as a matter of law. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 106 S.Ct. 2505, 91 L.Ed.2d 202 (1985); *Silverman v. Ballantine*, 694 F.2d 1091, 1093 (7th Cir.1982). Proponents of a motion for summary judgment must comply with Local General Rule 12(e) of this court and submit a separate statement of facts and a memorandum of law in support of their motion.[1] *Abrams v. City of Chicago*, 635 F.Supp. 169, 171 (N.D.Ill.1986). Parties responding to a motion for summary judgment must set forth specific facts supporting the existence of a genuine issue for trial. *Powers v. Dole*, 782 F.2d 689, 694 (7th Cir.1986).

The government substantially adopts the facts alleged in Landau's motion. Although Landau claims that material facts are in dispute, he fails to support his conclusion with specific factual allegations. Accordingly, this court finds that there is no dispute as to any material fact. *Powers*, 782 F.2d at 694. There is a dispute, however, regarding the legal conclusions to be drawn from the facts: whether, under

---

1. Landau failed to submit a statement of material facts and memorandum of law in support of his motion as required by Rule 12(e). Landau's failure to comply with Rule 12(e) provides an independent ground for denying Landau's motion. *Abrams*, 635 F.Supp. at 171.

Section 6672, Landau was a responsible person who willfully failed to pay withholding taxes from March 31, 1982 through March 31, 1984; whether Landau became liable for the unpaid withholding taxes when he fired Cleary; and whether the payment agreement between Landau and the IRS estops the government from collecting the unpaid balance of the Section 6672 assessment.

## A. Section 6672 Liability

The Internal Revenue Code requires employers to deduct and withhold income and FICA taxes from employees' wages. 26 U.S.C. §§ 3102(a) and 3402(a). Funds withheld from employees' wages are held in trust for the benefit of the IRS. 26 U.S.C. § 7501(a). Once taxes are withheld, the IRS is required to credit that amount against the employees' individual income tax liabilities, whether or not the employer actually pays over the withheld taxes. 26 U.S.C. § 31(a).

To prevent a revenue shortfall in the event employers fail to pay over withholding taxes, the IRS is entitled to collect the unpaid taxes directly from officers of the employer. 26 U.S.C. § 6672. Section 6672 permits the IRS to impose a 100% penalty assessment against responsible persons who willfully fail to pay withholding taxes. *Id.* Liable persons include corporate officers responsible for collecting and paying withholding taxes. *Id.* This includes high corporate officials with the power to control and supervise the corporation's affairs. *Monday v. United States*, 421 F.2d 1210, 1214–15 (7th Cir.1970). Responsible persons may also include officers who do not have responsibility for accounting, bookkeeping or making payments to creditors, including the IRS. *Id.* In addition, there can be more than one responsible person in a corporation. *Id.* at 1217. Willful failure to pay withholding taxes refers to intentional, knowing and voluntary decisions not to pay the taxes. *Id.* at 1216. Willful conduct encompasses reckless disregard for obvious or known risks that the taxes will not be paid, as well as gross negligence. *Id.* at 1215; *Wright v. United States*, 809 F.2d 425, 427 (7th Cir.1987).

■ Landau had general control and supervision of the Corporation's affairs at all times. Government Facts, 2–3. He had the power to write checks and to obtain loans on behalf of the corporation. Landau Dep., 38, 46–47. He also had the power to hire and to fire employees. *Id.* at 45. In addition, as the founder and president of the Corporation, Landau was entitled to the greatest share of the profits. *Id.* at 25. Under these circumstances, Landau was a responsible person from March 31, 1982 through March 31, 1984, when the Corporation failed to pay withholding taxes. *Wright*, 809 F.2d at 427; *Monday*, 421 F.2d at 1214–15. The fact that Cleary signed an affidavit stating that he was officially responsible for paying taxes does not alter this conclusion. Corporate officers may be responsible persons even though other officers are responsible for paying taxes. *Wright*, 809 F.2d at 427; *Monday*, 421 F.2d at 1214. Landau indisputably had the power to pay the Corporation's withholding taxes; therefore, he was a responsible person under Section 6672. *Purdy Co. of Illinois v. United States*, 814 F.2d 1183, 1187–88 (7th Cir.1987); *Platt v. United States*, 519 F.Supp. 203, 208, 210 (N.D.Ill. 1981).

■ As a responsible person under Section 6672, Landau had a duty to withhold income and FICA taxes from his employees' wages. 26 U.S.C. § 6671(b); *Monday*, 421 F.2d at 1214; *Mulee v. United States*, 648 F.Supp. 1181, 1186 (N.D.Ill.1986). Landau became aware of the Corporation's withholding liability in October 1984, yet the Corporation continued to pay creditors other than the IRS. Government Facts at 3. By failing to supervise Cleary whom he knew to be irresponsible, Landau at best demonstrated gross negligence. *Monday*, 421 F.2d at 1215. Under these circumstances, Landau willfully failed to pay the Corporation's withholding taxes and is liable under Section 6672. *Wright*, 809 F.2d at 427–28; *Garsky v. United States*, 600 F.2d 86, 91 (7th Cir.1979); *Monday*, 421 F.2d at 1216–17; *Mulee*, 648 F.Supp. at 1184–86.

Even if Landau were not a responsible person who willfully failed to pay withholding taxes from March 31, 1982 through March 31, 1984, he became liable for the taxes when he fired Cleary in April 1985. Persons obtaining control of a corporation may be personally liable for the corporation's overdue taxes if, at the time of transfer, the corporation had funds or liquid assets with which to pay the tax. *Slodov v. United States*, 436 U.S. 238, 259–60, 98 S.Ct. 1778, 1791–92, 56 L.Ed.2d 251 (1978); *Purdy*, 814 F.2d at 1191. Assets are liquid to the extent that they are readily convertible into cash. *Purdy*, 814 F.2d at 1191. Included in this definition are accounts receivable. *Byrd v. United States*, No. 85 C 6719, slip op. at 8, —— F.Supp. —— (N.D.Ill. Feb. 24, 1987). When Landau obtained total control in May 1985, the Corporation had outstanding accounts receivable of approximately $400,000. Government Facts at 5. From 1985 through 1988, the Corporation collected $309,942.29 of these outstanding receivables. *Id.* The Corporation thus had sufficient assets to pay the entire withholding liability. As the person responsible for paying withholding taxes in April 1985, Landau had a duty to pay the Corporation's overdue withholding taxes. *Purdy*, 814 F.2d at 1187–88; *Monday*, 421 F.2d at 1214; *Platt*, 519 F.Supp. at 210.

**B.** *Estoppel*

Landau argues that the government is estopped from assessing the 100% penalty against him because the installment agreement contains a statement that Cleary was the Corporation's responsible officer. Landau Motion, Ex. 1. Landau cannot use the installment agreement as a shield to avoid liability. To assert estoppel against the government on the basis of an installment agreement, Landau must prove misrepresentation of facts and reliance. *Mulee*, 648 F.Supp. at 1186. The installment agreement between Landau and the IRS was signed on December 5, 1985. Therefore, Landau could not have relied on a legal conclusion of an IRS employee in the agreement when, as a matter of law, he was already liable for the Corporation's withholding taxes. *Garity v. United States*, 81 U.S.T.C. ¶ 9599 (E.D.MI 1980) [1980 WL 1765]. By signing the agreement, Landau in effect acknowledged his liability and agreed to pay his debt in installments. When he breached the agreement, Landau knew that the government was entitled to withdraw the agreement and levy upon his assets. In addition, Landau received notice from the IRS in November 1984 that he would be personally assessed, yet he failed to take the necessary steps to ascertain his liability. Landau Dep. at 55. Under these circumstances, Landau's claimed reliance on a legal conclusion of an IRS employee in the agreement has no bearing on his liability under Section 6672. *Woodstock/Kenosha Health Center v. Schweiker*, 713 F.2d 285, 290–91 (7th Cir.1983).

Finally, Landau has failed to assert any facts demonstrating that he was misled by the installment agreement, or that the IRS misrepresented its terms. Accordingly, Landau's estoppel argument is without merit.

## CONCLUSION

There are no material facts in dispute. The government is entitled to judgment as a matter of law. Landau's motion for summary judgment is denied and the government's motion is granted. Judgment therefore is entered for the United States and against Landau, on all claims of the complaint and counterclaim, in the amount of $56,774.70, plus statutory interest commencing on October 21, 1985.