**Raymond C. KELLEY, Plaintiff,**

v.

**UNITED STATES of America, Defendant.**

**No. CIV–93–1691–T.**

United States District Court,
W.D. Oklahoma.

Sept. 1, 1994.

David K. Hoel, Hoel Deuschle Shelton & Holt, James T. Willis, Tulsa, OK, for Raymond C. Kelley.

Dennis M. Duffy, U.S. Dept. of Justice, Tax Div., Washington, DC, for U.S.

## *ORDER*

RALPH G. THOMPSON, District Judge.

Defendant United States of America filed a counterclaim in this action against plaintiff Raymond C. Kelley, seeking to reduce to judgment assessments against him for the trust fund portion of employment taxes owed by Kelley American Machine Tool Co., Inc. ("corporation") for the calendar quarters ending December 31, 1987, September 30, 1988, December 31, 1988 and March 31, 1989. The Internal Revenue Service had made the trust fund assessments in the amount of $12,-737.65 against Kelley on the basis that he was a "responsible person" of the corporation under Section 6671 of the Internal Revenue Code, 26 U.S.C. § 6671 (1988), who willfully failed to pay over the taxes due from the corporation. The defendant filed a motion seeking partial summary judgment regarding Kelley's status as a "responsible person" and his liability for the trust fund assessments owed for the last quarter of 1987 and the third and fourth quarters of 1988.

Liability is imposed by § 6672 on any responsible person who has willfully failed to collect, account for, or pay over federal employment taxes. *Muck v. United States,* 3 F.3d 1378, 1380 (10th Cir.1993). The plaintiff did not contest his status as a "responsible person" for the fourth quarter of 1987 and the third quarter of 1988 ("Period A"). That aspect of the defendant's motion was, therefore, granted. The plaintiff asserted, however, that he did not act "willfully" with respect to the taxes owed for Period A, as he attempted to pay the taxes, and lacked control of the corporation when the fourth quarter ended on December 31, 1988 ("Period B"), due to the corporation's bankruptcy filing, thus absolving him of liability for the assessments for both periods. The defendant was directed to respond to the plaintiff's arguments in a reply brief.

■ Having received the supplemental brief, the court concludes the defendant is entitled to summary judgment with respect to the trust fund taxes owed by the corporation for Period A. The plaintiff argues that he did not act "willfully" because he wrote two checks to the IRS; the fact that they were dishonored was "due to the failure of checks received from creditors of the corporation to timely clear the corporation's account," not a "voluntary, conscious and intentional decision by Kelley to prefer other creditors over the United States." Plaintiff's opposition brief, p. 2.

■ In the context of § 6672, willfulness means a conscious, voluntary and intentional decision to prefer other creditors over the government. *Id.* at 1381. It is undisputed that Kelley was aware of the corporation's delinquent trust fund assessments at least by September of 1988, when he received delinquency notices from the IRS and filed late trust fund tax returns. After September 1988, Kelley paid non-governmental creditors of the corporation sums exceeding the trust fund taxes owed for Period A. Kelley acted willfully by paying other creditors once he was aware of the tax obligation and, therefore, is liable for the trust fund assessments for Period A. *Muck,* 3 F.3d at 1381–82; *McDonald v. United States,* 939 F.2d 916, 919 (11th Cir.1991), *cert. denied,* — U.S. ——, 112 S.Ct. 1669, 118 L.Ed.2d 389 (1992).

■ The plaintiff's defense to the government's claim for taxes owed for Period B is similarly unavailing. The corporation's bankruptcy filing on December 29, 1988 does not absolve the plaintiff of responsibility for the assessments as the trust fund was established and the withholding tax liability attached when the wages were paid and the taxes were collected, not on the date set for filing the return. *Mulee v. United States,* 648 F.Supp. 1181, 1185 (N.D.Ill.1986).

■ Pursuant to 26 C.F.R. § 31.6302(c)–1(a)(ii)(a), the corporation was required to deposit the taxes within a Federal Reserve Bank or authorized financial institution within fifteen (15) days after the close of any month in which the aggregate amount of employment taxes was $500.00 or more. As employment taxes in excess of $499.00 were owed for each month in Period B, the corporation was required to deposit the October 1988 taxes by November 15, 1988 and the

November 1988 taxes by December 15, 1988. It is undisputed that Kelley failed to deposit the collected taxes into a tax depository account, but kept the monies in the corporation's general bank account and paid other creditors. Consequently, his failure to pay the collected taxes for October and November 1988 was willful. *Barnett v. United States,* 594 F.2d 219, 222 (9th Cir.1979); *Mulee,* 648 F.Supp. at 1184–86.

The government asserts that the willfulness element is satisfied for the December 1988 taxes because Kelley admitted that he was unable to *collect* trust fund taxes at the time the corporation's payroll was paid. The government fails to specify the evidentiary basis for this argument and is directed to provide the court with some basis for this contention within five (5) days.

Accordingly, the defendant's motion for partial summary judgment is GRANTED with respect to the plaintiff's liability for trust fund taxes owed for Period A and the months of October and November of Period B.

IT IS SO ORDERED.