USCA1 Opinion

 

 December 14, 1994 [NOT FOR PUBLICATION] UNITED STATES COURT OF APPEALS FOR THE FIRST CIRCUIT ____________________ No. 94-1733 ALFRED A. GALLANT, II, Plaintiff, Appellant, v. THOMAS DELAHANTY, II, JUDGE, ET AL., Defendants, Appellees. ____________________ APPEAL FROM THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF MAINE [Hon. Morton A. Brody, U.S. District Judge] ___________________ ____________________ Before Cyr, Boudin and Stahl, Circuit Judges. ______________ ____________________ Alfred A. Gallant, Jr. on brief pro se. ______________________ ____________________ ____________________ Per Curiam. A magistrate judge recommended that __________ plaintiff's vague, verbose, and partially illegible civil rights complaint be dismissed as frivolous under 28 U.S.C. 1915(d) because the allegations were "fanciful" and directed at acts perpetrated by private individuals, rather than state actors. The district court adopted the report and dismissed the complaint. We agree that much of plaintiff's complaint was properly dismissed as frivolous under 28 U.S.C. 1915(d) because the legal theory underlying the claims was indisputably meritless. The claims properly dismissed included the following: 1) plaintiff's complaint that police had failed to investigate crimes, see Sattler v. Johnson, 857 ___ _______ _______ F.2d 224, 227 (4th Cir. 1988) (victims have no constitutional right to have defendants criminally prosecuted); Slagel v. ______ Shell Oil Refinery, 811 F.Supp. 378, 382 (C.D. Ill. 1993) ___________________ (police officer had no constitutional duty to conduct investigation of plaintiff's assault charge), aff'd, 23 F.3d _____ 410 (7th Cir. 1994), or protect plaintiff prior to his incarceration, DeShaney v. Winnebago County Dep't of Social ________ _________________________________ Services, 489 U.S. 189 (1989); 2) allegations concerning pre- ________ incarceration stalkings and harassment, Yancey v. Carroll ______ _______ County, 876 F.2d 1238, 1245 (6th Cir. 1989) (investigation, ______ without more, is not a constitutional violation); Philadelphia Yearly Meeting v. Tate, 519 F.2d 1335, 1337 (3d ___________________________ ____ Cir. 1975); Hickombottom v. Chicago, 739 F.Supp 1173, 1178 ____________ _______ (N.D. Ill. 1990) (police surveillance of apartment did not violate the Fourth Amendment as plaintiff had no reasonable expectation of privacy in his comings and goings); 3) denial of workers' compensation benefits; 4) unconstitutional conviction, Heck v. Humphrey, 114 S.Ct. 2364 (1994); 5) four- ____ ________ day denial of an attorney, United States v. Gouveia, 467 U.S. _____________ _______ 180, 187 (1984); Kirby v. Illinois, 406 U.S. 682, 688-89 _____ ________ (1972); 6) deprivation of property without due process, Hudson v. Palmer, 468 U.S. 517, 533 (1984); Daniels v. ______ ______ _______ Williams, 474 U.S. 327 (1986); electronic surveillance while ________ in prison, United States v. Willoughby, 860 F.2d 15, 22-23 _____________ __________ (2d Cir. 1988) (no reasonable expectation of privacy in conversation conducted in a public area of a jail), cert. _____ denied, 488 U.S. 1033 (1989); United States v. Harrelson, 754 ______ _____________ _________ F.2d 1153, 1169-71 (5th Cir. 1985) (prisoner had no reasonable expectation of privacy while conversing with his wife in his cell), cert. denied, 474 U.S. 908, 1034 (1985); ____________ United States v. Hearst, 563 F.2d 1331, 1344-46 (9th Cir. _____________ ______ 1977) (monitoring and recording of prisoner-visitor conversations was reasonable and therefore not violative of the Fourth Amendment), cert. denied, 435 U.S. 1000 (1978); _____________ and 7) ineffective assistance of post-conviction counsel, Pennsylvania v. Finley, 481 U.S. 551 (1987); Polk County v. ____________ ______ ___________ Dodson, 454 U.S. 312 (1981); Deas v. Potts, 547 F.2d 800 (4th ______ ____ _____ -3- Cir. 1976). In a similar view, the denial of access to courts claim was subject to dismissal under 1915(d) because the restrictions described (e.g., delay in access to legal ____ papers; rifling of papers; destruction of some papers; denial of forms, paper clips, staples) were insufficiently substantial. Other allegations, however, although often lacking enough detail to state constitutional claims which would survive a Rule 12(b)(6) motion to dismiss, were not premised on indisputably meritless legal theories and conceivably could be cured by more specific factual allegations. Four potential claims fall into this area. First, plaintiff outlined conceivable Eighth Amendment violations. He claimed he had been assaulted and terrorized by both guards and inmates while in prison and denied medical attention and nutrition. See Farmer v. ___ ______ Brennan, 114 S. Ct. 1920 (1994) (prison officials who _______ knowingly disregard substantial risk of serious harm to inmates may be held liable under the Eighth Amendment); Estelle v. Gamble, 429 U.S. 97 (1976). While plaintiff's _______ ______ allegations are confusing and conclusory, enough was stated to avoid a 1915(d) dismissal. Street v. Fair, 918 F.2d ______ ____ 269, 272-73 (1st Cir. 1990). Second, plaintiff complained that his mail was tampered with, switched, and late and that legal mail was -4- opened. Depending on how the facts were fleshed out, conceivably a constitutional claim could exist, if, for example, incoming legal mail were opened with some regularity outside plaintiff's presence. Castillo v. Cook County Mail ________ ________________ Room Dep't, 990 F.2d 304 (7th Cir. 1993) (reversing 1915(d) __________ dismissal of inmate complaint, which alleged that three letters from public officials received in an eight-month period had been opened, because a colorable constitutional claim had been stated). This claim, too, should not have been dismissed under 1915(d). Third, plaintiff should be afforded a further opportunity to articulate his complaints concerning placement in segregation for refusal to work. On the present record, we cannot tell whether plaintiff had any liberty interest in remaining out of segregation, and, if so, whether he was accorded due process before being deprived of it. Rodi v. ____ Ventetuolo, 941 F.2d 22 (1st Cir. 1991). __________ Fourth, plaintiff outlined some contours of a possible First Amendment retaliatory transfer claim. He asserted that shortly after he tried to communicate with the governor, a newspaper, an attorney, and the federal district court in March 1994, he was transferred to high maximum security in retaliation. See McDonald v. Hall, 610 F.2d 16 ___ ________ ____ (1st Cir. 1979) (prisoner who alleged that he had filed actions against prison officials, that he was subsequently -5- transferred, and that the transfer was in retaliation for litigation activities, stated a claim even though the allegations were conclusory); Ferranti v. Moran, 618 F.2d ________ _____ 888, 891-92 (1st Cir. 1980) (retaliation claim stated by allegations that officials denied plaintiff a transfer to minimum security after plaintiff filed a suit complaining about prison conditions). See also Mujahid v. Sumner, 807 ___ ____ _______ ______ F.Supp. 1505 (D.Hawaii 1992) (rule forbidding prisoners to correspond with the media was facially unconstitutional), aff'd, 996 F.2d 1226 (9th Cir. 1993). Because plaintiff did _____ not state the subject of his communication, he may not have satisfied even McDonald's lenient pleading standard, Leonardo __________ ________ v. Moran, 611 F.2d 397, 398 (1st Cir. 1979), but since _____ plaintiff may be able to fill in enough details to state a claim, a sua sponte 1915(d) dismissal was not appropriate. ___ ______ We therefore remand for further proceedings. As a result of this opinion, plaintiff is now on notice that in order to state constitutional claims he may not rest on vague, conclusory allegations, but must set factual allegations respecting the material elements of his claims. Gooley v. Mobil Oil Corp., 851 F.2d 513, 514-15 (1st Cir. ______ ________________ 1988). Therefore, on remand, plaintiff should amend his complaint. Appellant's request for appellate counsel is denied. -6- Vacated and remanded. ____________________ -7-