Mary **BURMEISTER**, Plaintiff,

v.

**The Public Defender, Randolph STONE, individually and in his official capacity, the Ex–Public Defender, Paul Biebel, individually and in his official capacity, Harry Comerford, individually and in his official capacity as Chief Judge of the Circuit Court of Cook County, and the County of Cook, Defendants.**

**No. 90 C 2870.**

United States District Court,
N.D. Illinois, E.D.

Dec. 3, 1990.

Stuart K. Jones, Winnetka, Ill., for plaintiff.

Jane L. Stuart, Cook County States' Atty., Chicago, Ill., for defendants.

## ORDER

NORGLE, District Judge.

Before the court is the defendants' motion to dismiss the complaint. For the reasons that follow, the motion is granted.

The plaintiff, Mary Burmeister ("Burmeister"), is an employee of the Cook County Public Defender's office. She alleges in her complaint that around October 1987, she was suspended without pay for three weeks from her $32,000–per–year position as an administrative assistant, and that in May 1988, she was demoted to a receptionist position paying $17,112 annually, all in violation of her due process rights under the 14th amendment and 42 U.S.C. Sec. 1983. In addition to the due process claim in Count II of the complaint, Burmeister asserts state law claims for breach of contract (Count I), intentional infliction of emotional distress (Count III), and defamation (Count IV).

A suit against a public official in his official capacity is essentially an action against the public entity which employs the official. See Kentucky v. Graham, 473 U.S. 159, 165–66, 105 S.Ct. 3099, 3104–05, 87 L.Ed.2d 114 (1985); Yeksigian v. Nappi, 900 F.2d 101, 103 (7th Cir.1990). To prevail on a claim against an individual defendant in his official capacity, a plaintiff must establish that the public entity employing the defendant was a "person" under Sec. 1983, and that the entity was a "moving force" behind a deprivation of the plaintiff's federally protected rights. See Will v. Michigan Department of State Police, 491 U.S. 58, 109 S.Ct. 2304, 105 L.Ed.2d 45 (1989); Monell v. New York Department of Social Services, 436 U.S. 658, 694, 98 S.Ct. 2018, 2037–38, 56 L.Ed.2d 611 (1978); Graham, 473 U.S. at 166, 105 S.Ct. at 3105.

Thus, to state a cause of action against the individual defendants in their personal capacity, Burmeister must establish that defendants deprived her of a federally protected right and did so under color of state law. See Graham, 473 U.S. at 165–66, 105 S.Ct. at 3104–05.

The three individual defendants— Randolph Stone, the Cook County Public Defender, former Cook County Public Defender Paul Biebel, and Harry Comerford, chief judge of the Circuit Court of Cook County—were all state, rather than county or municipal, employees during the time period relevant to this cause. Public defenders in Illinois are members of the judicial branch of state government. Pursuant to the 1970 Illinois Constitution, art. VI, and Ill.Ann.Stat. ch. 34, par. 3–4004 (Smith–Hurd Supp.1990), the public defender for Cook County is appointed by the county's Circuit Court judges. The Illinois Supreme Court has held that judges and non-judicial employees of the circuit courts are state employees, even though the salaries of non-judicial employees are determined and paid by each county's board of

commissioners. *Orenic v. Illinois State Labor Relations Board,* 127 Ill.2d 453, 130 Ill.Dec. 455, 466, 537 N.E.2d 784, 795 (1989). As state (rather than county or municipal) employees, Stone, Biebel and Comerford are not considered "persons" under Sec. 1983, and therefore, none can be sued in their official capacities for damages or retroactive relief under that statute. *Will v. Michigan Department of State Police,* 491 U.S. 58, 109 S.Ct. 2304, 2311 n. 10, 2312, 105 L.Ed.2d 45 (1989).

 Burmeister seeks to impose liability for the alleged violations of her due process rights upon the County of Cook by claiming that Stone and Biebel were policy-making employees of the county. Since neither Stone nor Biebel was a county employee, however, Burmeister cannot state a legally cognizable claim against the county. Moreover, as Burmeister has failed to allege that she was suspended or demoted pursuant to any county policy or custom, Burmeister cannot meet the test for municipal liability under Sec. 1983 set forth in *Monell,* 436 U.S. at 690–94, 98 S.Ct. at 2035–38.

Since Burmeister also seeks prospective relief, i.e. reinstatement to her former position as an administrative assistant, it is necessary to delve into her due process claim further. Although defendants, as state employees, are not "persons" under Sec. 1983 for purposes of damages or retroactive relief, they are "persons" under Sec. 1983 for purposes of prospective relief. *Will,* 109 S.Ct. at 2311 n. 10 (*citing Graham,* 473 U.S. at 167, 105 S.Ct. at 3105–06). This court finds, however, that the claim is invalid because Burmeister did not have a property interest under Illinois law in continued employment with the public defender's office. *See Bishop v. Wood,* 426 U.S. 341, 344, 96 S.Ct. 2074, 2077, 48 L.Ed.2d 684 (1976). Under Ill.Ann.Stat. ch. 34, par. 3–4008 (Smith–Hurd Supp.1990), assistant public defenders and other employees of the Cook County Public Defender's office serve "at the pleasure of the public defender." Burmeister nonetheless asserts that she could only be fired or demoted for "just cause" under Cook County personnel rules.

However, these rules and whatever protection they provide could not apply to Burmeister because she was not a county employee. Plaintiff was not deprived of a federally protected right for purposes of Sec. 1983. Count II is therefore dismissed.

Dismissal of the Sec. 1983 count, Burmeister's sole federal claim, warrants dismissal of the pendent state claims as well. *United Mine Workers v. Gibbs,* 383 U.S. 715, 726, 86 S.Ct. 1130, 1139, 16 L.Ed.2d 218 (1966); *Manor Healthcare Corp. v. Guzzo,* 894 F.2d 919, 922 (7th Cir.1990). Counts I, III and IV are therefore dismissed.

IT IS SO ORDERED.