**Samuel Easton SLAGEL, Plaintiff,**

v.

**SHELL OIL REFINERY,
et al., Defendants.**

No. 92–3271.

United States District Court,
C.D. Illinois,
Springfield Division.

Jan. 26, 1993.

Samuel Easton Slagel, pro se.

No appearance for defendants.

## OPINION

RICHARD MILLS, District Judge:

In this civil rights action, Samuel Easton Slagel claims that the defendants—various private individuals as well as city, state and federal agencies—violated his constitutional rights by engaging in a conspiracy against him.

Before the court is plaintiff's petition for leave to proceed without prepayment of fees and costs pursuant to 28 U.S.C. § 1915.

The petition is denied and the complaint is dismissed for the reasons now discussed.

It is well established, of course, that *pro se* complaints are to be liberally construed. *Haines v. Kerner,* 404 U.S. 519, 92 S.Ct. 594, 30 L.Ed.2d 652 (1972), *reh'g denied,* 405 U.S. 948, 30 L.Ed.2d 819 (1972). "[A] district court judge should deny leave to proceed *in forma pauperis* if an action is frivolous or malicious." *Wartman v. Branch 7, Civil Division, County Court, Milwaukee County, State of Wisconsin,* 510 F.2d 130, 134 (7th Cir.1975), *principle reaffirmed* in *Bryan v. Johnson,* 821 F.2d 455, 458 (7th Cir.1987). A frivolous complaint is one in which "the petitioner can make no rational argument in law or facts to support his or her claim for relief." *Williams v. Faulkner,* 837 F.2d 304, 306 (7th Cir.1988), *aff'd sub nom Neitzke v.*

*Williams,* 490 U.S. 319, 109 S.Ct. 1827, 104 L.Ed.2d 338 (1989).

Because the plaintiff has indicated that he is indigent (he is receiving public aid and social security disability payments), the court has reviewed the plaintiff's claims to determine whether they state a colorable cause of action under 42 U.S.C. § 1983. The court must conclude that the complaint is without arguable merit.

### FACTS

Slagel is a resident of Urbana, Illinois. He sues Shell Oil Refinery, Dr. Michael Ralph, the Urbana Police Department, the Champaign County State's Attorney, Renee and Dr. Adolf Lo, the Champaign County Housing Authority, the United States Post Office, the Champaign County Circuit Court, and United States District Judge Harold A. Baker.

The court gleans the following allegations from the rambling, nebulous complaint: On October 11, 1985, the plaintiff sustained disabling injuries at the Shell Oil Refinery in Wood River, Illinois. During an unspecified subsequent period, the plaintiff was a tenant in an apartment belonging to the defendants Lo. The plaintiff's lease was partially subsidized by the Champaign County Housing Authority. He appears to allege that the landlord defendants called and wrote letters to the police complaining about the plaintiff in an effort to force him to move.

On November 28, 1991, Slagel called the police from a service station to report that someone had threatened to assault him. He alleges that the officer who arrived on the scene became hostile and told the plaintiff that he could do nothing. Then, after entering the service station and apparently conferring with someone inside, the officer arrested the plaintiff. The officer read Slagel his rights and advised him that he was being arrested for rape and harassment. The officer purportedly implicated Renee Lo, the Champaign County State's Attorney and the United States Post Office in the arrest. The plaintiff did not receive a copy of the charges, and no lawyer was assigned to him.

The plaintiff believes that the Urbana Police Department attempted to inculpate him in child endangerment and other crimes in an effort to cover up their unlawful arrest. He further asserts that police officers were aware that he was innocent.

Slagel evidently wrote a complaint letter to the Urbana Police Department, for on December 9, 1991, Police Chief Willard Schlieter wrote the plaintiff a letter. In the letter, Schlieter told Slagel he was unsure what the plaintiff wanted, and added that he could not investigate a complaint of police misconduct if criminal charges were pending. The Urbana Police Department and the State's Attorney's Office have refused to respond to the plaintiff's requests for information.

The plaintiff claims he lost property seized pursuant to the arrest because he feared that he would be arrested again if he returned to the police department to retrieve his possessions. He also suspects that the United States Post Office tampered with his mail during the week of February 22, 1992.

Slagel further believes that Judge Baker might be involved, since the Urbana police and the State's Attorney work closely with the courts. The plaintiff attributes all of the above events to a "scheme and conspiracy designed and intended to deny and deprive plaintiff" of his constitutional rights. He appears to maintain that Shell Oil has conspired with the remaining defendants ever since the accident took place.

### DISCUSSION

The court must conclude that the complaint fails to state a colorable cause of action under 42 U.S.C. § 1983. Even accepting the plaintiff's vague and doubtful facts as true, the complaint fails to state a claim as a matter of law. The plaintiff's allegations do not raise an inference of a conspiracy to violate the plaintiff's constitutional rights, nor do the facts suggest any other actionable civil rights claim. Ac-

cordingly, the plaintiff's petition for leave to proceed *in forma pauperis* must be denied and the complaint dismissed.

## I.

█ It should first be noted that this court has considered and rejected the notion of requesting a judge sitting in another district to hear the plaintiff's petition for leave to proceed *in forma pauperis*. Even though the plaintiff names a fellow judge of the Central District of Illinois, the Honorable Harold A. Baker, as a defendant, this member of that court finds that reassigning the case once again would serve only to burden another judge needlessly, as well as to delay the inevitable dismissal of this case, since the complaint is wholly without merit. The plaintiff himself does not seek recusal; on the contrary, he originally filed suit in this division of this district.[1]

The court discerns no possible basis for suit against Judge Baker. The only grounds asserted for suing the judge, according to the complaint, are as follows:

> The Plaintiff believes that judges (defendants) might be also involved because of the Courts mentioned in Exhibit B[2] ... Because if a Criminal Charge is pending, it must be in court somewhere.

It is plain that the plaintiff is under some misapprehension that he faces criminal prosecution. The complaint does not indicate that the plaintiff has been released on bond pending trial, as would be the case if he, in fact, faced prosecution. Moreover, if charges actually were pending, the plaintiff surely would have had at least one pre-trial court date in the past thirteen months to hear his plea and to appoint an attorney, if necessary. Furthermore, there is no indication that the landlord defendants followed through on their threat to initiate civil action.

In any case, the court's computer docketing system reveals no civil or criminal cases in the Central District of Illinois in which the plaintiff is or has been a party. The plaintiff's speculative belief that Judge Baker might be involved in the alleged conspiracy is completely unfounded.

## II.

█ In fact, the plaintiff's entire conspiracy claim is equally delusional and devoid of merit. In order to state a claim for conspiracy under 42 U.S.C. § 1983, the plaintiff must plead conspiracy in some detail and provide some factual basis supporting the existence of a conspiracy. *Tarkowski v. Robert Bartlett Realty Co.*, 644 F.2d 1204, 1206-07 (7th Cir.1980). "Mere conjecture that there has been a conspiracy is not enough to state a claim." *Id.* "A complaint inadequately alleges conspiracy when the facts it alleges are vague, conclusionary and include no overt acts reasonably related to the promotion of the alleged conspiracy." *Kunik v. Racine County*, 946 F.2d 1574, 1580 (7th Cir.1991). In the instant case, the plaintiff has failed to identify any acts on the part of the defendants that would possibly link them to a conspiracy.

## III.

█ The complaint also fails to state a claim with respect to the individual occurrences for which the plaintiff seeks damages. The plaintiff may not sue his doctor or his landlords regarding their purportedly shabby treatment. Even assuming that the defendants deprived the plaintiff of some constitutional right (a matter not indicated by the complaint), the defendants were not acting under color of state law, a

---

1. The case was transferred to the Danville Division, since the purported events giving rise to the complaint occurred in Champaign County. However, Judge Baker recused himself because he is a defendant. Chief Judge Michael Mihm reassigned the case back to this court.

2. Exhibit B is a letter to the plaintiff, apparently from the resident managers of his apartment building, requesting that the plaintiff move as promised in order to avoid legal action. The writer says that the management does not want "to see the police and or Courts dragged into this if it's at all possible."

prerequisite for liability under 42 U.S.C. § 1983. *Gomez v. Toledo*, 446 U.S. 635, 100 S.Ct. 1920, 64 L.Ed.2d 572 (1980); *Monroe v. Pape*, 365 U.S. 167, 81 S.Ct. 473, 5 L.Ed.2d 492 (1961). The plaintiff has no federal cause of action against the private individuals.[3]

## IV.

■ The plaintiff's claim against the Urbana Police Department likewise fails to state a claim. A governmental entity is liable in an official-capacity suit under Section 1983 only when the entity is a "moving force behind the deprivation, thus requiring the entity's policy or custom to have played a part in the violation of federal law." *Kentucky v. Graham*, 473 U.S. 159, 166, 105 S.Ct. 3099, 3105, 87 L.Ed.2d 114 (1985). Here, the plaintiff has failed to allege facts suggesting the existence of any custom or policy which permitted or required the allegedly unconstitutional actions of which he complains.

■ Even if the plaintiff amended his complaint to name the individual officer who arrested him, there is no indication that the arrest in any way violated the plaintiff's constitutional rights. Furthermore, the officer had no federal, constitutional mandate to conduct an investigation into the plaintiff's assault charge.

> The Constitution is a charter of negative liberties; it tells the state to let people alone; it does not require the federal government or the state to provide services, even so elementary a service as maintaining law and order.

*Bowers v. DeVito*, 686 F.2d 616, 618 (7th Cir.1982) (citations omitted); *see also Walker v. Rowe*, 791 F.2d 507, 511 (7th Cir.1986), *cert. denied*, 479 U.S. 994, 107 S.Ct. 597, 93 L.Ed.2d 597 (1986). The plaintiff did not have a constitutional right to see his purported tormentor punished for threatening to assault him. "[A] private citizen lacks a judicially cognizable interest in the prosecution or nonprosecution of another." *S. v. D.*, 410 U.S. 614, 619, 93 S.Ct. 1146, 1149, 35 L.Ed.2d 536 (1973); *see also, Leeke v. Timmerman*, 454 U.S. 83, 102 S.Ct. 69, 70 L.Ed.2d 65 (1981).

## V.

■ Additionally, citizens do not have a constitutional right to courteous treatment by the police. Verbal harassment and abusive language, while "unprofessional and inexcusable," are simply not sufficient to state a constitutional claim under 42 U.S.C. § 1983. *Patton v. Przybylski*, 822 F.2d 697, 700 (7th Cir.1987); *Blackmon v. DeRobertis*, 1989 WL 31059 (N.D.Ill. 1989). Similarly, naming police chief Schlieter as a defendant would not save the complaint, as his unsatisfactory action (or inaction) on the plaintiff's complaint letter does not implicate the Constitution. Although the officers may have transgressed state obligations or police codes, the court finds no viable theory of constitutional liability stemming from their actions.

## VI.

■ Also, the plaintiff has no cause of action regarding his lost property because he himself chose not to reclaim his possessions. It is unfortunate that the plaintiff felt too intimidated to return to the police department to retrieve his property; however, the police department cannot be held liable for the plaintiff's subjective, unrealized fears of what they might have done. The police department did not take any action to deny the plaintiff his property; rather, the plaintiff refused to reclaim it.

## VII.

The complaint must also be dismissed as to the United States Post Office. The

---

**3.** The plaintiff appears to sue Shell Oil solely for its participation in the alleged conspiracy, a claim which the court has rejected *supra*. Moreover, Shell Oil, too, is a private corporation, rather than a state or public entity, and thus cannot be held liable under 42 U.S.C. § 1983. *See Ezpeleta v. Sisters of Mercy Health Corp.*, 800 F.2d 119 (7th Cir.1986).

plaintiff provides no factual basis for his suspicion that the post office somehow tampered with his mail during the week of February 22, 1992, or that the post office arranged for his arrest at the service station.

## VIII.

■ Finally, the complaint fails to state a claim against the Champaign County State's Attorney and the Champaign County Circuit Court. Again, there is no indication that the plaintiff ever was *in* court. His only factual allegation against the two county bodies is that they refused to provide requested information, a matter not of constitutional concern. Even assuming that the plaintiff did or does face criminal charges, in initiating a prosecution and in presenting the State's case, the prosecutor is immune from a civil suit for damages under § 1983. *Imbler v. Pachtman*, 424 U.S. 409, 429–31, 96 S.Ct. 984, 994–96, 47 L.Ed.2d 128 (1976). The court clerk similarly has quasi-judicial immunity for functions performed as part of the Clerk's duties. *Kincaid v. Vail*, 969 F.2d 594 (7th Cir.1992), *cert. denied,* — U.S. —, 113 S.Ct. 1002, 122 L.Ed.2d 152 (1993).

## CONCLUSION

For the foregoing reasons, the plaintiff's petition for leave to proceed *in forma pauperis* is DENIED, and the complaint is DISMISSED.

The case is terminated.