43 F.3d 1456
 NOTICE: First Circuit Local Rule 36.2(b)6 states unpublished opinions may be cited only in related cases.
Alfred A. GALLANT, II, Plaintiff, Appellant,
v.
Thomas DELAHANTY, II, JUDGE, ET AL., Defendants, Appellees.
 No. 94-1733
 United States Court of Appeals,
First Circuit.
 Dec. 14, 1994
 
 Appeal from the United States District Court for the District of Maine [Hon. Morton A. Brody, U.S. District Judge ]
 Alfred A. Gallant, Jr. on brief pro se.
 D. Me.
 VACATED AND REMANDED.
 Before CYR, BOUDIN and STAHL, Circuit Judges.
 Per Curiam.
 
 
 1
 A magistrate judge recommended that plaintiff's vague, verbose, and partially illegible civil rights complaint be dismissed as frivolous under 28 U.S.C. Sec. 1915(d) because the allegations were "fanciful" and directed at acts perpetrated by private individuals, rather than state actors. The district court adopted the report and dismissed the complaint.
 
 
 2
 We agree that much of plaintiff's complaint was properly dismissed as frivolous under 28 U.S.C. Sec. 1915(d) because the legal theory underlying the claims was indisputably meritless. The claims properly dismissed included the following: 1) plaintiff's complaint that police had failed to investigate crimes, see Sattler v. Johnson, 857 F.2d 224, 227 (4th Cir. 1988) (victims have no constitutional right to have defendants criminally prosecuted); Slagel v. Shell Oil Refinery, 811 F.Supp. 378, 382 (C.D. Ill. 1993) (police officer had no constitutional duty to conduct investigation of plaintiff's assault charge), aff'd, 23 F.3d 410 (7th Cir. 1994), or protect plaintiff prior to his incarceration, DeShaney v. Winnebago County Dep't of Social Services, 489 U.S. 189 (1989); 2) allegations concerning pre-incarceration stalkings and harassment, Yancey v. Carroll County, 876 F.2d 1238, 1245 (6th Cir. 1989) (investigation, without more, is not a constitutional violation); Philadelphia Yearly Meeting v. Tate, 519 F.2d 1335, 1337 (3d Cir. 1975); Hickombottom v. Chicago, 739 F.Supp 1173, 1178 (N.D. Ill. 1990) (police surveillance of apartment did not violate the Fourth Amendment as plaintiff had no reasonable expectation of privacy in his comings and goings); 3) denial of workers' compensation benefits; 4) unconstitutional conviction, Heck v. Humphrey, 114 S.Ct. 2364 (1994); 5) four-day denial of an attorney, United States v. Gouveia, 467 U.S. 180, 187 (1984); Kirby v. Illinois, 406 U.S. 682, 688-89 (1972); 6) deprivation of property without due process, Hudson v. Palmer, 468 U.S. 517, 533 (1984); Daniels v. Williams, 474 U.S. 327 (1986); electronic surveillance while in prison, United States v. Willoughby, 860 F.2d 15, 22-23 (2d Cir. 1988) (no reasonable expectation of privacy in conversation conducted in a public area of a jail), cert. denied, 488 U.S. 1033 (1989); United States v. Harrelson, 754 F.2d 1153, 1169-71 (5th Cir. 1985) (prisoner had no reasonable expectation of privacy while conversing with his wife in his cell), cert. denied, 474 U.S. 908, 1034 (1985); United States v. Hearst, 563 F.2d 1331, 1344-46 (9th Cir. 1977) (monitoring and recording of prisoner-visitor conversations was reasonable and therefore not violative of the Fourth Amendment), cert. denied, 435 U.S. 1000 (1978); and 7) ineffective assistance of post-conviction counsel, Pennsylvania v. Finley, 481 U.S. 551 (1987); Polk County v. Dodson, 454 U.S. 312 (1981); Deas v. Potts, 547 F.2d 800 (4th Cir. 1976). In a similar view, the denial of access to courts claim was subject to dismissal under Sec. 1915(d) because the restrictions described (e.g., delay in access to legal papers; rifling of papers; destruction of some papers; denial of forms, paper clips, staples) were insufficiently substantial.
 
 
 3
 Other allegations, however, although often lacking enough detail to state constitutional claims which would survive a Rule 12(b)(6) motion to dismiss, were not premised on indisputably meritless legal theories and conceivably could be cured by more specific factual allegations. Four potential claims fall into this area.
 
 
 4
 First, plaintiff outlined conceivable Eighth Amendment violations. He claimed he had been assaulted and terrorized by both guards and inmates while in prison and denied medical attention and nutrition. See Farmer v. Brennan, 114 S. Ct. 1920 (1994) (prison officials who knowingly disregard substantial risk of serious harm to inmates may be held liable under the Eighth Amendment); Estelle v. Gamble, 429 U.S. 97 (1976). While plaintiff's allegations are confusing and conclusory, enough was stated to avoid a Sec. 1915(d) dismissal. Street v. Fair, 918 F.2d 269, 272-73 (1st Cir. 1990).
 
 
 5
 Second, plaintiff complained that his mail was tampered with, switched, and late and that legal mail was opened. Depending on how the facts were fleshed out, conceivably a constitutional claim could exist, if, for example, incoming legal mail were opened with some regularity outside plaintiff's presence. Castillo v. Cook County Mail Room Dep't, 990 F.2d 304 (7th Cir. 1993) (reversing Sec. 1915(d) dismissal of inmate complaint, which alleged that three letters from public officials received in an eight-month period had been opened, because a colorable constitutional claim had been stated). This claim, too, should not have been dismissed under Sec. 1915(d).
 
 
 6
 Third, plaintiff should be afforded a further opportunity to articulate his complaints concerning placement in segregation for refusal to work. On the present record, we cannot tell whether plaintiff had any liberty interest in remaining out of segregation, and, if so, whether he was accorded due process before being deprived of it. Rodi v. Ventetuolo, 941 F.2d 22 (1st Cir. 1991).
 
 
 7
 Fourth, plaintiff outlined some contours of a possible First Amendment retaliatory transfer claim. He asserted that shortly after he tried to communicate with the governor, a newspaper, an attorney, and the federal district court in March 1994, he was transferred to high maximum security in retaliation. See McDonald v. Hall, 610 F.2d 16 (1st Cir. 1979) (prisoner who alleged that he had filed actions against prison officials, that he was subsequently transferred, and that the transfer was in retaliation for litigation activities, stated a claim even though the allegations were conclusory); Ferranti v. Moran, 618 F.2d 888, 891-92 (1st Cir. 1980) (retaliation claim stated by allegations that officials denied plaintiff a transfer to minimum security after plaintiff filed a suit complaining about prison conditions). See also Mujahid v. Sumner, 807 F.Supp. 1505 (D.Hawaii 1992) (rule forbidding prisoners to correspond with the media was facially unconstitutional), aff'd, 996 F.2d 1226 (9th Cir. 1993). Because plaintiff did not state the subject of his communication, he may not have satisfied even McDonald's lenient pleading standard, Leonardo v. Moran, 611 F.2d 397, 398 (1st Cir. 1979), but since plaintiff may be able to fill in enough details to state a claim, a sua sponte Sec. 1915(d) dismissal was not appropriate.
 
 
 8
 We therefore remand for further proceedings. As a result of this opinion, plaintiff is now on notice that in order to state constitutional claims he may not rest on vague, conclusory allegations, but must set factual allegations respecting the material elements of his claims. Gooley v. Mobil Oil Corp., 851 F.2d 513, 514-15 (1st Cir. 1988). Therefore, on remand, plaintiff should amend his complaint.
 
 
 9
 Appellant's request for appellate counsel is denied.
 
 
 10
 Vacated and remanded.