V. RAMACHANDRAN, Plaintiff,

v.

Gene L. NOTTOLINI, Chief Judge In the Circuit Court for the Sixteenth Judicial Circuit, Kane County, Illinois; Jan E. Carlson, Clerk of the Kane County Circuit Court; and David M. Hartigan, Chairman, Disciplinary Commission of the Supreme Court of Illinois, Defendants.

No. 95 C 1852.

United States District Court, N.D. Illinois, Eastern Division.

Oct. 17, 1995.

V. Ramachandran, Pro Se.

Vanessa Victoria Alexander, Illinois Attorney General's Office, Chicago, IL, for Gene L. Nottolini, Jan E. Carlson.

Rosalyn B. Kaplan, Attorney Registration & Disciplinary Commission, Chicago, IL, for David M. Hartigan.

## MEMORANDUM OPINION AND ORDER

BUCKLO, District Judge.

On March 24, 1995, *pro se* plaintiff, V. Ramachandran ("Mr. Ramachandran"), brought this complaint against defendants, Gene L. Nottolini ("Judge Nottolini"), Chief Judge of the Sixteenth Judicial Circuit, Kane County, Illinois; Jan E. Carlson ("Mr. Carlson"), Clerk of the Kane County Circuit Court; and David M. Hartigan ("Mr. Hartigan"), Chairman of the Attorney Registration and Disciplinary Commission of the Supreme Court of Illinois ("ARDC"). The complaint charges these individuals with violating his rights guaranteed by the Thirteenth, Fourteenth, and Fifteenth Amendments through "the conduct and behavior of their employees at the court house" in Kane County. Specifically, Mr. Ramachandran alleges that courthouse personnel, including a security guard, a clerk, and "the Secretary of the Court House," verbally abused him on three separate occasions in July, 1994 and January, 1995. The basis of his claim appears to be 42 U.S.C. § 1983, although he does not explicitly invoke this statute in his complaint. Mr. Ramachandran seeks ten million dollars in damages. Defendants move to dismiss this action pursuant to FED.R.CIV.P. 12(b)(6).

■ Defendants argue that they are immune from suit in their official capacities because a suit for damages against a state official acting in his official capacity is a suit against the state, and is therefore barred by the Eleventh Amendment. *See Estate of Porter v. State of Illinois,* 36 F.3d 684, 690 (7th Cir.1994); *Garcia v. City of Chicago,* 24 F.3d 966, 969 (7th Cir.1994), *cert. denied,* —— U.S. ——, 115 S.Ct. 1313, 131 L.Ed.2d 194

(1995). "Whether a particular official is the legal equivalent of the State itself is a question of the State's law." *Garcia v. City of Chicago, supra,* 24 F.3d at 969 (citing *Santiago v. Daley,* 744 F.Supp. 845, 845 & n. 1 (N.D.Ill.1990)).

In Illinois, the defendants named in this lawsuit are state officials for Eleventh Amendment purposes. *See, e.g., Burmeister v. Stone,* 751 F.Supp. 759, 760–61 (N.D.Ill. 1990) (circuit court judges are state employees), *aff'd sub nom. Warren v. Stone,* 958 F.2d 1419, 1422 (7th Cir.1992) ("the State, not a county, is the sole employer of all court employees") (quoting from *Orenic v. State Labor Relations Bd.,* 127 Ill.2d 453, 130 Ill. Dec. 455, 466, 537 N.E.2d 784, 795 (1989)); *Curry v. Pucinski,* No. 93 C 5923, 1994 WL 494700 (N.D.Ill. Sept. 6, 1994) (court clerks) (citing *Drury v. County of McLean,* 89 Ill.2d 417, 60 Ill.Dec. 624, 626–27, 433 N.E.2d 666, 668–69 (1982)); *Lawline v. American Bar Association,* 956 F.2d 1378, 1385 (7th Cir. 1992) (ARDC members), *cert. denied,* —— U.S. ——, 114 S.Ct. 551, 126 L.Ed.2d 452 (1993). Accordingly, the official capacity claims against all defendants are dismissed.

■ Defendants also argue that they are not liable in their individual capacities because the complaint does not allege any personal involvement in the alleged constitutional deprivations. To be liable under Section 1983, an individual must personally participate in the alleged constitutional deprivation. *See, e.g., Duckworth v. Franzen,* 780 F.2d 645, 650 (7th Cir.1985), *cert. denied,* 479 U.S. 816, 107 S.Ct. 71, 93 L.Ed.2d 28 (1986). This "personal responsibility" requirement is satisfied if an official

acts or fails to act with a deliberate or reckless disregard of plaintiff's constitutional rights, or if the conduct causing the constitutional deprivation occurs at her direction or with her knowledge and consent.

*Maltby v. Winston,* 36 F.3d 548, 559 (7th Cir.1994) (citations omitted), *cert. denied,* —— U.S. ——, 115 S.Ct. 2576, 132 L.Ed.2d 827 (1995). In the present case, Mr. Ramachandran does not allege that any of these defendants personally engaged in any conduct directed toward him. To the contrary, the complaint explicitly states that liability

should be imposed upon these defendants "due to the conduct and behavior of their employees at the court house ..." In addition, the job positions of these defendants do not justify an inference of personal involvement in the alleged constitutional deprivations. *See Williams v. Faulkner*, 837 F.2d 304, 308 (7th Cir.1988); *Duncan v. Duckworth*, 644 F.2d 653, 656 (7th Cir.1981). Accordingly, the individual capacity claims against all defendants are dismissed. Defendants' motion to dismiss the complaint is granted.[1]

---

[1] On April 7, 1995, Mr. Ramachandran filed a one-page document amending the complaint, in which he states that the courthouse secretary who verbally harassed him is named Phyllis Ramussen. He also explains that, although he does not know the names of the other courthouse personnel who subjected him to verbal abuse, he could identify them by face. It is not clear whether Mr. Ramachandran seeks to add these individuals as defendants in this case. In any event, the complaint and amendment allege only that these individuals verbally harassed him. Allegations of verbal harassment alone are insufficient to state a constitutional deprivation under Section 1983. *Patton v. Przybylski*, 822 F.2d 697, 700 (7th Cir.1987); *Oltarzewski v. Ruggiero*, 830 F.2d 136, 139 (9th Cir.1987); *Slagel v. Shell Oil Refinery*, 811 F.Supp. 378, 382 (C.D.Ill.1993), *aff'd*, 23 F.3d 410 (7th Cir.), *cert. denied*, —— U.S. ——, 115 S.Ct. 611, 130 L.Ed.2d 520 (1994); *Cuautle v. Tone*, 851 F.Supp. 1236, 1241 (C.D.Ill. 1994). Accordingly, the complaint as amended does not state a claim against these individuals.