**Jane DOE, Plaintiff,**

v.

**CITY OF CHICAGO, et al., Defendants.**

No. 95 C 2117.

United States District Court,
N.D. Illinois,
Eastern Division.

July 3, 1996.

Janis M. Susler, G. Flint Taylor, Jr., People's Law Offices, Chicago, IL, for Jane Doe.

Irene Schild Caminer, Sharon Baldwin, Margaret Ann Carey, Patricia Jo Kendall, City of Chicago, Law Department, Corporation Counsel, Chicago, IL, Susan S. Sher, Corporation Counsel, City of Chicago, Chicago, IL, for City of Chicago.

## MEMORANDUM OPINION AND ORDER

BUCKLO, District Judge.

On January 18, 1996, Magistrate Judge Bobrick submitted to me a Report and Recommendation regarding the motion of defendant Donald Norton for summary judgment on counts II, IV, and VI of plaintiff Jane Doe's complaint.[1] Mr. Norton filed objections to the Report and Recommendation on February 1, 1996. Judge Bobrick recommended that count VI be dismissed. Plaintiff did not oppose defendant's motion for summary judgment on count VI and did not file an objection to Judge Bobrick's recommendation. Summary judgment is therefore entered in favor of defendant Norton on count VI of plaintiff's complaint. Judge Bobrick also recommended that defendant's motion for summary judgment on counts II and IV be denied. For the reasons discussed below, I adopt the magistrate judge's recommendation as to count IV but decline to adopt his recommendation as to count II.

The following facts are undisputed. On October 20, 1994, Mr. Norton was assigned to serve a summons and complaint on Ms. Doe. Upon going to the police station in Elmhurst, Illinois, where he believed Ms. Doe lived, Mr. Norton learned that there was a valid warrant for her arrest. Mr. Norton proceeded to Ms. Doe's home in Chicago in order to complete service. Mr. Norton rang Ms. Doe's doorbell, but she did not respond. After seeing Ms. Doe at the window of her apartment, Mr. Norton stated his name and position and said that he had something to hand her. Ms. Doe refused to open the door, telling Mr. Norton to leave the package in the vestibule of her building. Mr. Norton then informed the Chicago Police Department of the outstanding warrant and Ms. Doe's location. Two police officers, including defendant Contino, soon arrived to execute the arrest warrant. After the police arrived on the scene, Mr. Norton did not speak to Ms. Doe. Eventually, one of the officers kicked in Ms. Doe's door. Mr. Norton and the officer then entered Ms. Doe's apartment. While in the apartment, Mr. Norton's activities consisted only of looking into a couple of rooms. Once Mr. Norton saw that the officer had located and arrested Ms. Doe, Mr. Norton left the apartment and waited in the hall. Mr. Norton and Ms. Doe did not travel to the police station together. Mr. Norton was not involved in or aware of any search of Ms. Doe at the police station or police headquarters.

▓▓▓▓ Under 18 U.S.C. § 3109, before police break into a home, they are required to knock, announce and be refused entry. *United States v. Markling,* 7 F.3d 1309, 1318 (7th Cir.1993). *See also United States v. Maden,* 64 F.3d 1505, 1508 (10th Cir.1995); *United States v. Turner,* 926 F.2d 883, 886 (9th Cir.1991). In order for the police to be refused entry, "the announcement of authority 'must be followed by a pause long enough for someone to answer or come to the door.'" *Markling,* 7 F.3d at 1318 (citation omitted). Pauses as short as twenty seconds are generally deemed adequate. *United States v. DeLutis,* 722 F.2d 902, 909 (1st Cir.1983) (cited by *Markling,* 7 F.3d at 1318). Mr. Norton states that he and the police were outside Ms. Doe's door for ten minutes before breaking it down, citing to his affidavit in support of this statement. Local Rule 12(M) Stmt. at ¶ 7. Ms. Doe admits that she did not open the door. Local Rule 12(N) Stmt. at ¶ 7. She disagrees, however, that the police waited ten minutes before kicking in her door, citing only to her neighbor's affidavit which declares that the police were not outside the door ten minutes before breaking into the apartment, though they did wait long enough for one officer to call out five times and pound his fists on the door. Local Rule 12(N) Stmt. at ¶ 7. This affidavit is not sufficient evidence to create a question of

---

1. After the magistrate judge issued his Report and Recommendation, Ms. Doe filed an amended complaint that substitutes defendants Hunt and

Hardin for defendants Hunt–Hardin and McCary.

fact as to whether Mr. Norton violated Ms. Doe's rights under the Fourth Amendment by breaking down her door.

Ms. Doe also has not set forth sufficient evidence to create a question of fact as to whether Mr. Norton's subsequent entry and search of her apartment violated her rights under the Fourth Amendment for the purpose of count II. With an arrest warrant and probable cause to believe that the individual is home, an officer is entitled to enter the individual's home and search anywhere in it in which she might be found. *Maryland v. Buie*, 494 U.S. 325, 333, 334 n. 1, 110 S.Ct. 1093, 1097, 1098 n. 1, 108 L.Ed.2d 276 (1989). Moreover,

> as an incident to the arrest the officers could, as a precautionary matter and without probable cause or reasonable suspicion, look in closets and other spaces immediately adjoining the place of arrest from which an attack could be immediately launched.

*Id.* at 334, 100 S.Ct. at 1098. Mr. Norton had a warrant for Ms. Doe's arrest as well as probable cause to believe that she was in her home. Thus, in entering Ms. Doe's apartment and checking a couple of rooms in the apartment prior to her arrest, Mr. Norton did not violate Ms. Doe's rights guaranteed by the Fourth Amendment. Accordingly, Mr. Norton's motion for summary judgment on count II of Ms. Doe's complaint is granted.

In count IV of her complaint, Ms. Doe attempts to hold Mr. Norton liable for Mr. Contino's conduct under a conspiracy theory. To prove a conspiracy, plaintiff must show "a combination of two or more persons acting in concert to commit an unlawful act, or to commit a lawful act by unlawful means, the principal element of which is agreement between the parties." *Kunik v. Racine County*, 946 F.2d 1574, 1580 (7th Cir.1991) (citation omitted). Ms. Doe alleges that after entering her apartment, Mr. Contino kicked in the bathroom door, looked in rooms and her closet, and verbally abused and ridiculed her. Mr. Contino has not filed a motion for summary judgment. Mr. Contino's alleged verbal abuse and ridicule did not violate Ms. Doe's rights under the Fourth Amendment. *E.g., Slagel v. Shell Oil Refinery*, 811

F.Supp. 378, 382 (C.D.Ill.1993). However, as noted in the decision on Mr. Contino's motion to dismiss, no officer is entitled to use excessive force in making an arrest. Mr. Norton has not addressed Ms. Doe's allegations that Mr. Contino kicked in Ms. Doe's bathroom door, or the alleged necessity for this action if it occurred. Accordingly, on the record before me, Mr. Norton is not entitled to summary judgment on Count IV.

Finally, Mr. Norton contends that he is qualifiedly immune from being held liable, arguing that his conduct did not violate "clearly established ... constitutional rights of which a reasonable person would have known." *Kernats v. O'Sullivan, supra*, 35 F.3d 1171, 1176 (7th Cir.1994) (citation omitted). It is plain that Ms. Doe's right to be free from an unlawful search of her home is clearly established. Mr. Norton certainly would have been aware of this right. The record presently before me does not permit a determination as to whether Mr. Norton conspired to perform an illegal search. Therefore, I agree with Judge Bobrick that Mr. Norton's motion for summary judgement on Count IV on the grounds that qualified immunity protects him from liability must be denied.