Albert BULLOCK, Plaintiff,

v.

William R. BARHAM, et al., Defendants.

No. 94 C 4755.

United States District Court, N.D. Illinois, Eastern Division.

March 12, 1997.

---

Albert Bullock, Joliet, IL, pro se.

James J. Bigoness, Pappas, Power & Marcus, Chicago, IL, for plaintiff.

Edward B. Glicken, Illinois Attorney General's Office, Chicago, IL, Susan Takata O'Leary, Illinois Dept. of Corrections, Chicago, IL, for defendants.

### MEMORANDUM OPINION AND ORDER

BUCKLO, District Judge.

The plaintiff, Albert Bullock, is an inmate currently incarcerated at the Joliet Correctional Center. He alleges that the defendants, three officials of the prison in Joliet, deprived him of due process and violated his Eighth Amendment rights thereby creating a cause of action under 42 U.S.C. § 1983. Mr. Bullock also alleges two state law tort claims, one for conversion and the other for intentional infliction of emotional distress. Mr. Bullock seeks damages as well as injunctive relief for his claims. The defendants move to dismiss the complaint pursuant to Fed. R.Civ.P. 12(b)(6). For the following reasons, the motion is granted in part and denied in part.

The defendants seeks dismissal of Count I on the basis of the Eleventh Amendment. The Eleventh Amendment bars suit in federal court by any citizen against a state for violations of federal or state law, unless Congress has abrogated this immunity or the state has consented to the suit. *Pennhurst State School & Hosp. v. Halderman,* 465 U.S. 89, 100–103, 104 S.Ct. 900, 908–910, 79 L.Ed.2d 67 (1984). Where a suit is against a state official rather than the state itself, the inquiry must be focused on whether or not the state official is being sued in his official or individual capacity. If the claim is one involving official capacity, then such a "claim against a state officer is actually a claim against the state itself, [and] Eleventh Amendment immunity applies to official capacity claims as well." *Fernandez v. Wolff,* 919 F.Supp. 1120, 1124 (N.D.Ill.1996) (citations omitted).

In the instant case, Mr. Bullock has sued three officials of the Illinois prison system. Because his complaint does not specify

whether he has sued the defendants in their official or individual capacities, a presumption arises that Mr. Bullock has sued them in their official capacity because he has failed to state otherwise. *See Duckworth v. Franzen,* 780 F.2d 645, 649 (7th Cir.1985); *Kolar v. County of Sangamon,* 756 F.2d 564, 568–69 (7th Cir.1985). That presumption, however, is not conclusive, and therefore the Court will look to see whether the parties have treated the claim as an individual or official capacity claim. *Conner v. Reinhard,* 847 F.2d 384, 394 n. 8 (7th Cir.1988).

■ In an effort to avoid the trip wire of the Eleventh Amendment, Mr. Bullock's memorandum in response to this motion asserts that he is suing the defendants in their individual capacity with respect to damages but in their official capacity with respect to injunctive relief. Moreover, he has requested punitive damages against the defendants, which is a "sure tipoff that the suit must be an individual capacity and not an official capacity action." *Viero v. Bufano,* 901 F.Supp. 1387, 1395 n. 10 (N.D.Ill.1995). Because a court should draw all reasonable inferences in favor of the plaintiff on a motion to dismiss, *Ross v. Creighton University,* 957 F.2d 410, 411 (7th Cir.1992), I will allow this claim for damages to stand.

■ In addition to damages, Mr. Bullock seeks injunctive relief against the defendants in their official capacities. The Eleventh Amendment does not act as a bar to a request for injunctive relief. *Pennhurst,* 465 U.S. at 102, 104 S.Ct. at 910. Hence, Mr. Bullock's section 1983 claim is also viable as it pertains to his request for injunctive relief.

■ The defendants argue that some of them are not the proper targets of this suit. Specifically, they claim that Mr. Bullock has not stated a claim against Keith Cooper, the warden at Joliet, because he acted only in a supervisory capacity. Mr. Bullock, however, alleges that Mr. Cooper "acted upon the decision of William Barham and ordered the plaintiff into the general population on April 16, 1994." Compl. ¶ 17. This statement clearly identifies Mr. Cooper as an active participant and not merely as a supervisor. Therefore, he will not be dismissed from the case.

■ The defendants also take issue with some of the components of Mr. Bullock's section 1983 claim. He alleges that one of the defendants, Sgt. Matthew Meier, converted his property from his cell and that this action amounts to a violation of his due process rights under section 1983. The Supreme Court has held that "an unauthorized intentional deprivation of property by a state employee does not constitute a violation of the procedural requirements of the Due Process Clause . . . if a meaningful postdeprivation remedy for the loss is available." *Hudson v. Palmer,* 468 U.S. 517, 533, 104 S.Ct. 3194, 3204, 82 L.Ed.2d 393 (1984). This statement describes the present situation. Illinois provides a remedy for the tort of conversion. 705 ILCS 505/8(d) (1996). Therefore, Mr. Bullock's claim for a section 1983 violation by Sgt. Meier, both for damages and injunctive relief, cannot stand, and Sgt. Meier will be dismissed from the case.[1]

■ The other component of Mr. Bullock's section 1983 claim to which the defendants object concerns his allegations that the defendants opened his incoming legal mail, monitored his phone calls to his attorney, and filed false charges against him. These allegations are redressable under Section 1983. *See Murphy v. Walker,* 51 F.3d 714, 718 (7th Cir.1995) (restrictions on phone calls to prisoner's attorney); *Castillo v. Cook County Mail Room Dept.,* 990 F.2d 304, 306–07 (7th Cir.1993) (opening legal mail). Accordingly, Mr. Bullock has stated a section 1983 claim for both damages and injunctive relief against the remaining defendants, Messrs. Barham and Cooper.

■ The remaining issues concern Mr. Bullock's state law claims for conversion and intentional infliction of emotional distress. The claim of conversion in Count II falls outside of the Court's supplemental jurisdiction. For the Court to hear a state law

---

1. Mr. Bullock also claims that Sgt. Meier verbally harassed him. This allegation fails to state a claim as well. Verbal harassment alone cannot support a claim under Section 1983. *See Ramachandran v. Nottolini,* 902 F.Supp. 158, 160 n. 1 (N.D.Ill.1995) (citations omitted).

**158**

claim which has no independent basis for federal jurisdiction, that claim must be "so related to claims in the action within such original jurisdiction that they form part of the same case or controversy." 28 U.S.C. § 1367(a) (1994). To satisfy this standard, the federal and state claims cannot "simply arise out of the same event," *Great Lakes Dredge & Dock Co. v. City of Chicago,* No. 92 C 6754, 1996 WL 210115, at *4 (N.D.Ill. Apr.26, 1996), but must "derive from a common nucleus of operative facts." *Ammerman v. Sween,* 54 F.3d 423, 424 (7th Cir. 1995).

Mr. Bullock's conversion claim shares virtually no facts in common with his Section 1983 claim, which is the basis for the Court's original jurisdiction. The claim will involve another party, Sgt. Meier, who is not implicated by any of Mr. Bullock's remaining Section 1983 claim.[2] Furthermore, the facts surrounding the conversion of Mr. Bullock's property have nothing to do with the actual substance of his Section 1983 claim which relates to his placement in the general prison population as opposed to protective custody. The only facts in common between the two claims are the prison setting and the involvement of prison officials. These do not constitute a "common nucleus of operative facts." Accordingly, Mr. Bullock must pursue this claim in state court because I cannot take supplemental jurisdiction over Count II.

Count III is a claim for intentional infliction of emotional distress. Under Illinois law, this claim must contain the following allegations: (1) the defendant's conduct was extreme and outrageous; (2) the defendant either intended that his conduct would cause severe emotional distress or knew that a high probability existed that his conduct would cause severe emotional distress; and (3) the defendant's conduct actually caused severe emotional distress to the plaintiff. *Doe v. Calumet City,* 161 Ill.2d 374, 392, 641 N.E.2d 498, 506, 204 Ill.Dec. 274, 283 (1994). Illinois courts interpret this tort narrowly. *Carr v. Village of Richmond,* No. 96 C 50203, 1996 WL 663921, at *8

(N.D.Ill. Nov.15, 1996) (holding that use of physical force by police during arrest, including throwing the plaintiff against a car, did not constitute extreme and outrageous conduct). "Its purpose is not to place a gloss over other claims arising out of the same conduct." *Id.,* n. 9. I do not think Illinois courts would allow a claim for intentional infliction of emotional distress under the facts alleged in this case. The defendants' behavior in this case is less egregious than that identified in *Carr.* It involved no physical force or attack.

*Conclusion*

For the reasons stated above, the defendants' motion to dismiss is granted in part and denied in part. Sgt. Meier is also dismissed as a defendant.

**2.** As explained above, Mr. Bullock's Section 1983 allegations against Sgt. Meier fail to state a claim

upon which relief can be granted.