William M. ROBERTS,

v.

PRINCE GEORGE'S COUNTY,
MD et al.

No. Civ.A. DKC 2000–186.

United States District Court,
D. Maryland.

Aug. 6, 2001.

See also 157 F.Supp.2d 588 and 157 F.Supp.2d 596.

Rosalyn E. Pugh, Law Office, Landover, MD, Bryan Andrew Levitt, Law Office, Baltimore, MD, for Plaintiff.

Crystal Dixon Mittelstaedt, Office of Law for Prince, Upper Maroboro, MD, for Defendants.

### MEMORANDUM OPINION

CHASANOW, District Judge.

Presently pending is the motion for summary judgment by Defendants Prince George's County ("County"); Police Chief John S. Farrell; and Officers Eric Bowman and Alfonso Giscombe.[1] Plaintiff brings the following federal and state causes of action against some or all Defendants: (1) constitutional violations, pursuant to 42 U.S.C. § 1983 (count I); (2) battery (count II); (3) intentional infliction of emotional distress (count III); and (4) negligent hiring, retention and supervision (count IV). No hearing is deemed necessary and the court now rules pursuant to local rule 105.6. For the reasons that follow, the court shall grant the motion.

### I. Background

The following facts are undisputed or presented in the light most favorable to Plaintiff, William M. Roberts. On January 20, 1997, Roberts and several friends attended C.J.'s Nightclub ("C.J.'s") in Oxon Hill, Maryland. A flower vendor at C.J.'s accused one of Plaintiff's friends, Dwight Vincent, of stealing flowers. A verbal exchange ensued between the two, at which time three uniformed County officers, including Defendants Bowman and Giscombe, approached the table and forcibly

---

1. Plaintiff originally also named Cpl. M. Sanders and C.J.'s Nightclub as Defendants in this matter. His claims against those Defendants earlier were dismissed for failure to timely serve upon them the summons and complaint.

removed Vincent and another of Plaintiff's friends, Marc Williams, from the premises.

A club patron informed Plaintiff that officers had removed his friends from the club. Plaintiff went outside to investigate and alleges that he witnessed Williams and Vincent being beaten by Prince George's County officers. Plaintiff claims that he then tried to locate the officers' squad car to obtain the "car numbers" so that he could later identify the officers. While gathering the information, one of the officers approached Plaintiff, yelled obscenities at him, and hit him in the mouth with a nightstick. Plaintiff contends that as a result of the blow, he lost his right front tooth and was knocked to the ground.

## II. Standard of Review

It is well established that a motion for summary judgment will be granted only if there exists no genuine issue as to any material fact and the moving party is entitled to judgment as a matter of law. Fed. R.Civ.P. 56(c); *Anderson v. Liberty Lobby, Inc.,* 477 U.S. 242, 250, 106 S.Ct. 2505, 91 L.Ed.2d 202 (1986); *Celotex Corp. v. Catrett,* 477 U.S. 317, 322, 106 S.Ct. 2548, 91 L.Ed.2d 265 (1986). In other words, if there clearly exist factual issues "that properly can be resolved only by a finder of fact because they may reasonably be resolved in favor of either party," then summary judgment is inappropriate. *Anderson,* 477 U.S. at 250, 106 S.Ct. 2505; *see also Pulliam Inv. Co., Inc. v. Cameo Properties,* 810 F.2d 1282, 1286 (4th Cir. 1987); *Morrison v. Nissan Motor Co., Ltd.,* 601 F.2d 139, 141 (4th Cir.1979); *Stevens v. Howard D. Johnson Co.,* 181 F.2d 390, 394 (4th Cir.1950). The moving party bears the burden of showing that there is no genuine issue of material fact. Fed. R.Civ.P. 56(c); *Pulliam,* 810 F.2d at 1286 (citing *Charbonnages de France v. Smith,* 597 F.2d 406, 414 (4th Cir.1979)).

When ruling on a motion for summary judgment, the court must draw all reasonable inferences in favor of and construe the facts in the light most favorable to the non-moving party. *Tinsley v. First Union Nat'l Bank,* 155 F.3d 435, 437 (4th Cir. 1998). A party who bears the burden of proof on a particular claim must factually support each element of his or her claim. "[A] complete failure of proof concerning an essential element ... necessarily renders all other facts immaterial." *Celotex,* 477 U.S. at 323, 106 S.Ct. 2548. Thus, on those issues on which the nonmoving party will have the burden of proof, it is his or her responsibility to confront the motion for summary judgment with an affidavit or other similar evidence. *Anderson,* 477 U.S. at 256, 106 S.Ct. 2505.

In *Celotex,* the Supreme Court stated:

In cases like the instant one, where the nonmoving party will bear the burden of proof at trial on a dispositive issue, a summary judgment motion may properly be made in reliance solely on the "pleadings, depositions, answers to interrogatories, and admissions on file." Such a motion, whether or not accompanied by affidavits, will be "made and supported as provided in this rule," and Rule 56(e) therefore requires the nonmoving party to go beyond the pleadings and by her own affidavits, or by the "depositions, answers to interrogatories, and admissions on file," designate "specific facts showing that there is a genuine issue for trial."

*Celotex,* 477 U.S. at 324, 106 S.Ct. 2548. However, " 'a mere scintilla of evidence is not enough to create a fact issue.' " *Barwick v. Celotex Corp.,* 736 F.2d 946, 958–59 (4th Cir.1984) (quoting *Seago v. North Carolina Theatres, Inc.,* 42 F.R.D. 627, 632 (E.D.N.C.1966), *aff'd,* 388 F.2d 987 (4th Cir.1967)). There must be "sufficient evidence favoring the nonmoving party for a

jury to return a verdict for that party. If the evidence is merely colorable, or is not significantly probative, summary judgment may be granted." *Anderson,* 477 U.S. at 249–50, 106 S.Ct. 2505 (citations omitted).

### III. Analysis

Plaintiff advances in this case the same claims and arguments as Marc Williams and Dwight Vincent. *See Williams v. Prince George's County,* 2001 WL 913933, 157 F.Supp.2d 596, —— – —— at 5–16 (D.Md.2001); *Vincent v. Prince George's County,* 2001 WL 899812, 157 F.Supp.2d 588, —— – —— at 4–15 (D.Md.2000). For the reasons given in those two opinions, summary judgment is granted as to Plaintiff's claims against Prince George's County and Officer Farrell, as well as to his claim of intentional infliction of emotional distress against all Defendants.

 Moreover, the court also grants summary judgment in favor of Giscombe and Bowman in their individual capacities with respect to Plaintiff's § 1983 claims because Plaintiff fails to identify which officer allegedly violated his constitutional rights. Plaintiff appears to contend that counts I, II, III and IV are constitutional claims brought under § 1983 against the individual Defendants in their individual capacities. In a § 1983 personal or individual capacity suit, a plaintiff must show that the official charged personally caused the deprivation of his federal rights. *Kentucky v. Graham,* 473 U.S. 159, 166, 105 S.Ct. 3099, 87 L.Ed.2d 114 (1985) (only requires a showing that the official caused the deprivation) (citing *Monroe v. Pape,* 365 U.S. 167, 81 S.Ct. 473, 5 L.Ed.2d 492 (1961)); *Vinnedge v. Gibbs,* 550 F.2d 926, 928–29 (4th Cir.1977) (must be "affirmatively shown that the official charged acted personally in the deprivation of the plaintiff's rights"); *Ramachandran v. Nottolini,* 902 F.Supp. 158, 159 (N.D.Ill.1995) (to show individual liability under § 1983,

plaintiff must show individual "personally participated in the alleged constitutional deprivation," which includes a failure to act with deliberate or reckless disregard for plaintiff's rights) (citing *Duckworth v. Franzen,* 780 F.2d 645, 650 (7th Cir.1985), *cert. denied,* 479 U.S. 816, 107 S.Ct. 71, 93 L.Ed.2d 28 (1986)). After a full opportunity for discovery, Plaintiff still cannot identify who allegedly knocked him down. He does not produce evidence that both Giscombe and Bowman committed the alleged constitutional violation, that both were present when it occurred, or that one stood idly by while the other committed the violation. He only contends that one of the officers, whom he still cannot identify, approached him while he attempted to write down the "car numbers," hit him with a nightstick, and walked away. At this stage in the litigation, the evidence is insufficient to support Plaintiff's § 1983 individual capacity claims against these Defendants.

### IV. Conclusion

For the foregoing reasons, the court shall grant Defendants' motion for summary judgment as to all claims.

A separate Order will be entered.